[No. 4616.]

# JAMES ADAMS *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

50  117
77  595

ACT CONTINUED IN FORCE BY THE CODES.—The Act of May 17, 1861, to fix the fees of officers in the city and county of San Francisco, is amendatory of and supplemental to the Act of April 19, 1856, incorporating said city and county, and is continued in force by the Political Code.

SHERIFF OF SAN FRANCISCO.—The statute providing for the payment of a salary to the sheriff of the city and county of San Francisco is continued in force by the Political Code.

OFFICIAL DUTY OF SHERIFFS.—The duty imposed by the statute on sheriffs to take prisoners to the State Prison, and insane persons to the Insane Asylum, is an official duty, and none the less so because some portion of it must be performed without the limits of the county.

WHAT FEES SHERIFFS MUST PAY INTO COUNTY TREASURY.—The sheriff of the city and county of San Francisco is required to pay to the Treasurer of said city and county the sums which he receives from the State for the transportation of prisoners to the State Prison and of insane persons to the Insane Asylum.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The plaintiff, in his complaint, averred that he was sheriff of the city and county of San Francisco from the 4th day of December, 1871, to the 30th day of November, 1873, and that, during said term, he received money for the transportation of prisoners to the State Prison, and insane persons to the Insane Asylum, and that the mayor, county judge and auditor, having examined his books and found that he had received it, required him to pay it to the treasurer of said city and county, upon pain, in case of refusal, of being deemed a defaulter, and that, coerced by their threats, he did pay the same to the treasurer. He also averred that he had presented the bill to the Board of Supervisors, and they had refused to allow it. This action was brought to recover it back, and judgment was asked for $4473.60. The defendant demurred to the complaint, and the court overruled the demurrer. The defendant declined to answer, and judgment was rendered for the plaintiff. The defendant appealed.

*W. C. Burnett*, for the Appellant.

*Jos. M. Nougues, M. A. Edmonds, and S. F. & L. Reynolds*, for the Respondent.

By the Court, RHODES, J.:

By section 19, Political Code, "All acts incorporating or chartering municipal corporations, and acts amending or supplementing such acts," are continued in force. The act of May 17, 1861, entitled "An act to fix and regulate the fees and salaries of officers in the city and county of San Francisco" (Stats. 1861, 554), which provides, among other things, for the salary of the sheriff, is amendatory of and supplemental to the "Consolidation Act" of April 19, 1856 (Stats. 1856, 145), and is continued in force by the above provision of section 19 of the Political Code. It is declared by section 4331, Political Code, that the statutes "relating to the compensation, salaries and fees of county or township officers" continue in force, except so far as affected by or inconsistent with the chapter of which that section forms a part. The first section of the act of May 17, 1861, provides that salaries shall be allowed and paid to certain officers (among whom is the sheriff), "and shall be in full compensation for all official services required of them by law."

It is provided by the second section that "the several officers named in this act, who are entitled to charge and collect or receive any fees, commissions, percentages, or other compensation, of whatever nature or kind, allowed by law for services rendered by them or their deputies, in their several official capacities, or for the performance of duties appertaining to said offices, shall collect and safely keep the same, and on each Monday they shall pay the total amount by them received to the treasurer of said city and county, who shall set apart the same as a Special Fee Fund, for the payment of the respective salaries of the several officers entitled to charge and collect fees, commissions or other compensation." It results from the foregoing statutory provisions that the law providing for the payment of salary to the

sheriff of the city and county of San Francisco remains in force; and that it is his duty, as such sheriff, to pay to the treasurer the amount of the "fees, commissions, percentages or other compensation" received by him for services rendered in his official capacity.

The sheriffs of the several counties are required by law to deliver at the State Prison all persons against whom judgment of imprisonment in the State Prison is rendered in their respective counties. This duty is an official duty—a duty appertaining to the office of sheriff; and it is none the less an official duty because some portion of it may be performed without the limits of his county.

It is the duty of the sheriff to take to the State Asylum insane persons when he is so ordered by the proper judge; and this duty is an official duty pertaining to the office of sheriff.

Section 1586, Penal Code, provides that the sheriffs must receive all expenses necessarily incurred in the transportation of prisoners to the State Prison, and a just and reasonable compensation for their services, the amount to be allowed by the Board of Examiners and paid out of the State Treasury. It is also provided by section 2221, Political Code, that the person delivering insane persons to the Asylum shall be allowed therefor forty cents per mile for the legal distance from the county seat to the Asylum, and twenty cents per mile for each additional patient taken at the same time, the amount to be allowed by the Board of Examiners and paid out of the State Treasury. The mileage is compensation for services rendered and expenses incurred in delivering the patients at the Asylum, and is substantially the same as that which is allowed for the transportation of prisoners to the State Prison; and when the services are performed by the sheriff, the amount paid is compensation for the official services of the sheriff, within the meaning of the second section of the act of 1861, above cited. The amounts so received by him are required by that act to be paid to the treasurer. From this construction of the statutes involved in the case, it results that the plaintiff is not entitled to a recovery in this action.

It is urged by the defendant that there was no coercion, in a legal sense, in this case; and that if there was such coercion, the defendant is not responsible for money paid to the treasurer under coercion exercised by the President of the Board of Supervisors, the county judge and county auditor, but it is unnecessary to decide these points.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.