[L. A. No. 795.    Department One.—February 12, 1901.]

COUNTY OF KERN, Respondent, v. ALVIN FAY et al., Appellants.

| | |
|---|---|
| 131 | 547 |
| 135 | 516 |
| 135 | 519 |
| 131 | 547 |
| e136 | 66 |
| 131 | 547 |
| p145 | 50 |
| f145 | 52 |
| j145 | 53 |
| e145 | 198 |

COUNTY GOVERNMENT ACT—FEES COLLECTED BY DISTRICT ATTORNEY—PAYMENT TO COUNTY TREASURER.—Under the County Government Act of 1893, the salaries of district attorneys are the full measure of their compensation, and all fees and costs collected by a district attorney must be paid to the county treasurer, and no fees can be lawfully retained by him.

ID.—COLLECTION OF COSTS AND FEES UPON FORECLOSURE OF SCHOOL LAND CERTIFICATES—IMPLIED REPEAL OF CODE PROVISION.—The County Government Act of 1893 does not necessarily repeal by implication section 3553 of the Political Code, in reference to the payment of costs and fees allowed in suits by the district attorney upon foreclosure of school land certificates; but he is required to pay them into the treasury.

ID.—FEES AND COSTS ILLEGALLY PAID—ESTOPPEL OF DISTRICT ATTORNEY. If section 3553 of the Political Code were impliedly repealed, the district attorney could not be heard to say that costs and fees collected thereunder in his official capacity were paid to him illegally, and that he therefore has the right to retain them.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Alvin Fay, for Appellants.

J. W. Ahern, and S. C. Smith, for Respondent.

VAN DYKE, J.—The defendant Fay was the district attorney of Kern county from the first Monday of January, 1895, to the first Monday of January, 1899, and the other defendants were sureties on his official bond as required by law.

The action is to recover the sum of six hundred and thirty dollars, moneys alleged to have been collected by the defendant Fay as such district attorney, and to have been unlawfully retained by him.

After a demurrer of the defendant Fay to the complaint had been overruled, he filed an answer containing a general denial of the allegations in plaintiff's complaint. For the purpose of the trial the facts were stipulated and findings waived. The appeal is taken from the judgment entered in favor of the plaintiff on said stipulated facts. Two questions are presented by appellants on the appeal.

It is contended: 1. That the court erred in overruling the demurrer to the complaint; 2. That the evidence in said cause is insufficient to justify the decision rendered. As the complaint sets forth and alleges substantially the same facts as contained in the stipulation of the parties, the demurrer was properly overruled, if the stipulated facts are sufficient to sustain

the judgment. Really, therefore, there is only one question presented, and that is, whether the defendant Fay is entitled to retain the money collected by him in his official capacity as district attorney. The money in question was collected and received by defendant Fay as district attorney of Kern county, as costs taxed in suits to the number of sixty-three brought in the superior court of Kern county for the foreclosure of certificates of purchase of state school lands situate in said county. The register of the state land office furnished said Fay a statement embracing school lands in Kern county sold by the state upon which payments were then due and had not been paid. The said delinquents failing to make payment, said actions of foreclosure were commenced and prosecuted, and decrees rendered annulling the certificates of purchase of said lands and for costs. Said defendant thereupon presented a claim to the state board of examiners, which was allowed, in the sum of four thousand and fifty-three dollars and four cents, costs and expenses incurred in the prosecution of said suits. This sum included an allowance as attorney's fee of ten dollars in each of said actions, amounting, as stated, to six hundred and thirty dollars, which said defendant failed and refused to turn over with the other costs and expenses so collected.

In retaining the money in question so collected, the appellant Fay relies upon section 3553 of the Political Code, which reads as follows: "The district attorney is entitled to receive ten dollars for each suit brought, to be taxed as costs." This section is found in the article of said code entitled "Proceedings Against Delinquent Purchasers." (Pol. Code, secs. 3546-56.) The codes went into effect the 1st of January, 1873. Some of the sections in the article in question have been amended since, but such amendments do not affect the question under consideration.

In the earlier history of the state it seems to have been the policy of the law to compensate county officials mostly, and in many cases entirely, by fees collected for the work performed. Sheriffs collected and kept the mileage earned in civil cases, and the counties paid them mileage in criminal cases. County clerks collected and retained fees for each instrument filed, each notice given, and each record or copy made. The same was

true of recorders, auditors, and to some extent district attorneys.

By the constitution of 1878-79 it was intended to make an entire change in the mode of compensating such officers for their services, and to abolish the fee system. The legislature is required by general uniform laws to provide for the election and appointment in the several counties of boards of supervisors, sheriffs, county clerks, district attorneys, and such other officers as public convenience may require. "It shall regulate the compensation of all such officers, in proportion to duties, and for this purpose may classify the counties by population; and it shall provide for the strict accountability of county and township officers for all fees which may be collected by them, and for all public and municipal moneys which may be paid to them, or officially come into their possession." (Const., art. XI, sec. 5.) To carry out this mandate of the constitution, the legislature, in 1883, passed a county government act. (Stats. 1883, p. 299.) This act revised the whole subject of the duties of county officers, and provides for classifying the different counties by population for the purpose of regulating compensation. Generally speaking, the manner of compensating officers is completely changed. Fees collected go to the treasury, and officers get flat salaries. It contains some forty odd classes. The opening paragraph of each section at the beginning of each class reads something like this: "In counties of the —— class the county officers shall receive as compensation for their services required by law, or by virtue of their office, the following salaries, to wit." Several county government acts have been passed since the first, in 1883. Defendant Fay was acting as district attorney under the act passed in 1893. (Stats. 1893, p. 346.) This contains a classification of counties, as did the former acts on the same subject, and the county of Kern belongs to the thirty-fifth class. "In counties of the thirty-fifth class, the county officers shall receive as compensation for the services required of them by law the following salaries, to wit." (County Government Act 1893, sec. 197.) Then follows a list of the county officers of said class, with their respective salaries, and to the district attorneys a salary of two thousand dollars per annum. Section 216 reads: "The salaries

and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers, or *ex officio* officers, their deputies, and assistants, unless in this act otherwise provided."

As to the office of district attorney, it is nowhere otherwise provided in said act. On the other hand, in the section defining the duties of the district attorney, it is declared that he must, "on the first Monday of each month, file with the auditor an account, verified by his oath, of all moneys received by him in his official capacity during the preceding month, and at the same time pay them over to the county treasurer." (County Government Act 1893, sec. 136; Stats. 1893, p. 380.) It would seem quite clear that under the provisions of the County Government Act of 1893, the district attorney is not permitted to retain for his own use any moneys collected by him in his official capacity; that the salary prescribed by said act is intended to compensate said officer in full for all services rendered by him. Changing the rule for compensating the district attorney so that he may not retain any fees collected to his own use, does not necessarily repeal section 3553 of the Political Code in reference to the costs, including an attorney's fee, collectible in suits of the character that were prosecuted in this case. It would be immaterial, however, whether that section were repealed or not; the money in this case was collected by appellant, Fay, in his official capacity as district attorney, and he cannot now be heard to say that it was paid to him illegally, and that he, therefore, has a right to retain it. (*People v. Hamilton*, 103 Cal. 488; *McKee v. Monterey County*, 51 Cal. 275; *People v. Bunker*, 70 Cal. 212.)

Judgment affirmed.

Garoutte, J., and Harrison, J., concurred.