[S. F. No. 2682. In Bank.—March 18, 1902.]

## COUNTY OF HUMBOLDT, Respondent, v. O. D. STERN, Appellant.

COUNTY GOVERNMENT ACT—COMPENSATION OF CLERK—EXTRA WORK.—
Under the County Government Act of 1897 no county officer can receive any compensation other than that fixed for all services of any kind or description rendered by him; and the county clerk as *ex officio* clerk of the board of supervisors is not entitled to receive any extra compensation for extra work done by him in preparing data for a claim of the county against the state, whether rendered in the line of his official duty or otherwise. [Beatty, C. J., and Garoutte, J., dissenting.]

ID.—ENTIRE CONTRACT—INTERMINGLING OF OFFICIAL AND UNOFFICIAL WORK—ILLEGAL CONTRACT.—Where the contract for the preparation of the data for the claim against the state and for extra compensation therefor was entire, and included extra work done both in the line of his official duty and outside thereof, which work was intermingled, the entire contract for the extra compensation is illegal and void.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Denver Sevier, for Appellant.

Tirey Ford, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Respondent.

VAN DYKE, J.—This was an agreed case, submitted to the court below without action, pursuant to section 1138 of the Code of Civil Procedure.

The stipulated facts are, briefly, as follows: Humboldt County had a claim against the state for the support of abandoned orphans, half-orphans, foundlings, and aged indigents, under an act approved March 25, 1880, (Stats. 1880, p. 13,) and acts amendatory thereof in 1883 (Stats. 1883, pp. 57-380). The amount of the claim was about ten thousand dollars. The board of supervisors, being desirous of collecting it, solicited the opinion of the district attorney as to whether the labor of collecting the data for preparing the claim and securing its payment rested upon any one of the county officers, and he rendered an opinion that it did not. The defendant was then, and during all the times covered by this transaction, county clerk and *ex officio* clerk of the board of supervisors of said county, and was not an attorney at law. It is recited that the necessary data to be collected were scattered through the minutes of the board of supervisors, and part was to be obtained from inquiries outside of the minutes; that the board knew no one other than the defendant who was competent to do the work, and the individual members of the board spoke to defendant to assist the county in collecting the said claim. The defendant was reluctant to undertake it, inasmuch as he was required to perform his regular duties as county clerk, and was afraid also that he might not get his pay. He was assured, however, by the individual members of the board of supervisors that they would see that he was paid. Thereupon defendant collected and prepared the data upon blanks furnished by the state for that purpose, and the county obtained its money thereon. No formal contract was made between the defendant and the board of supervisors, but the defendant presented to the board his bill in due form for $486.50, and it was allowed and paid, and it is agreed that the services rendered by the defendant were reasonably worth that sum, and that there was no collusion between the defendant and the board, but that all parties acted in the utmost good faith; and that one of the supervisors, before the bill was allowed, presented it to the grand jury, and that body indorsed the same and recommended it be paid. The proceeding is to recover back what was so paid to defendant.

Upon the agreed state of facts the court below rendered judgment in favor of the plaintiff, and the defendant appeals.

The contention of the appellant is, that the services so rendered were no part of his official duties, and that formerly attorneys were employed to make these collections (citing *Lassen Co.* v. *Shinn*, 88 Cal. 510), and that afterwards the state furnished forms for the presentation of these claims, and the services of an attorney were no longer necessary. He also cites many cases from other jurisdictions to the effect that an officer may be employed to discharge duties which are clearly extra-official and outside of the scope of his official duty, and he will be entitled to additional compensation therefor. This assumes, however, that the services rendered by appellant were "clearly extra-official." It was, however, the official duty of the board of supervisors to procure the payment of said claim. Appellant was their clerk and had kept the records of their office. These records contained the data essential to the preparation of the claim, and it was not only within their power to direct their clerk to furnish them with the data to be found in the records of their office, but it was clearly their duty to do so. It is true the agreed statement of facts says that part of the data had to be obtained from inquiry outside of the minutes, but what part or proportion is not stated, nor is the character or source of the information so obtained indicated. Waiving the question, for the present, that appellant would have been entitled to receive the money due for services rendered clearly outside of his official duties, as to that portion which was within his official duties the effect was to increase his compensation, and as to such portion, at least, the order for payment by the board was without authority of law. It is provided in the constitution (art. XI, sec. 9) that "the compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office." In the County Government Act of 1897, applicable to this case, Humboldt County is in the eleventh class (sec. 168), and it is provided therein that the *county clerk,* and his deputy, shall be paid *stated salaries* (Stats. 1897, p. 518), and in a general provision contained in said act, it is declared: "The salaries and fees provided in this act shall be in full compensation for all services of every

kind and description rendered by the officers herein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided." (Stats. 1897, sec. 215, p. 572.) This provision is a legislative declaration that the officers shall not receive any compensation from the county other than the salaries therein named for any services they may render it, either in the line of their official duty or otherwise. Its effect is to render the officer incompetent to enter into a contract for compensation for any service he may render the county, and to render such contract void. It is intended by the provision, on the one hand, to take from him all inducement to neglect the duties of his office, by reason of any contention that the services asked of him are not within the line of his duty, and, on the other hand, to prevent him from seeking to be employed to render such disputed services, and thereby indirectly obtain an increased compensation. If he is of the opinion that the services asked of him are not within the line of his official duty he can decline to perform them, but if he performs such services he cannot afterwards insist that it was not a part of his official duty and claim a compensation therefor. By accepting the office to which he was elected he has agreed to accept the salary affixed to that office as a "full compensation for all services *of every kind and description*" which he may render the county during the term of his office, whether they be those enumerated in the statute or not, and he is inhibited from receiving any further compensation for any services of any nature which he may render the county.

In *County of Kern* v. *Fay*, 131 Cal. 547, the county brought suit to recover money retained by the defendant, the district attorney of said county, and claimed by him as fees for the prosecution of certain suits against certain purchasers of state lands, to foreclose their right under said purchases in default of payment. It was contended by defendant in that action that the money retained did not belong to the county, and that he had a right to retain it under a provision in the Political Code authorizing the payment by the state to the district attorney of ten dollars each for the prosecution of such suits. This court decided adversely to the contention of the defendant and appellant in that case. In the opinion it is said: "In the earlier history of the state it seems to have

been the policy of the law to compensate county officials mostly, and in many cases entirely, by fees collected for the work performed. . . . By the constitution of 1879 it was intended to make an entire change in the mode of compensating such officers for their services, and to abolish the fee system.'' And it was held that the defendant was not permitted to retain for his own use any moneys collected by him in his official capacity. (See, also, to the same effect, the late case of *Dodge* v. *San Francisco*, 135 Cal. 512. In this last case the plaintiff, as assessor of the city and county of San Francisco, claimed the money in controversy as a percentage allowed by the state on the collection of state poll-tax, and it was there claimed by plaintiff that it was received outside of his official duties as assessor of the city and county, but it was held that having received the money as such assessor he could not retain it, but must pay it over to the city and county, under the provisions in the charter of said city and county, similar to the provisions herein referred to with reference to county officers, in which it is provided that a fixed salary shall be paid to its officers, to cover all official services of every kind. It is clear that all the data and information obtained by the defendant from the minutes or records of the board of supervisors, under the direction of said board, was within the line of his official duty as the clerk of said board, and it is not shown what portion of such information or data was obtained from other sources outside. For such portion of the services as was performed by him as clerk of the board the supervisors had no power to award him anything, inasmuch as it would work an increase of his salary or compensation; and that which was obtained from the minutes of the board and that which was obtained from other sources being intermingled, it renders the whole agreement for extra compensation illegal and void. ''If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void.'' (Civ. Code, sec. 1608.) In *Power* v. *May*, 114 Cal. 207, it is said: ''If by this contract supervisors attempted to increase the compensation of a public official during his term of office, the contract is void, and cannot be made a basis of recovery in the hands of any person.'' The decisions of our own court, being based upon

the constitution and statutes of our state, must control. Cases from other jurisdictions, where such provisions do not exist, have no bearing upon the question.

The judgment is affirmed.

Harrison, J., Temple, J., and Henshaw, J., concurred.

Beatty, C. J., dissented.

GAROUTTE, J., dissenting.—The majority opinion declares: "In the County Government Act of 1897, applicable to this case, Humboldt County is in the eleventh class (sec. 168), and it is provided therein that the *county clerk,* and his deputy, shall be paid *stated salaries.* . . . And in a general provision contained in said act it is declared: 'The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided.'" The opinion then proceeds: "This provision is a legislative declaration that the officers shall not receive any compensation from the county other than the salaries therein named for any services they may render it, either in the line of their official duty or otherwise. Its effect is to render the officer incompetent to enter into a contract for compensation for any services he may render the county, and to render such contract void." I do not believe this to be the effect of the aforesaid legislative declaration. As I read it, it simply means that the sum fixed shall be in full compensation for all services rendered as *officers or ex officio officers.* By this enactment the legislature was only dealing with the question of compensation for the performance of official duty. It was not the intention of the legislature by this provision to prohibit a county clerk or sheriff from shoeing a horse for the county. That would be work done outside of official duty, and I do not know of any express provision of law forbidding a recovery for such work. If it be against public policy for courts to judicially recognize contracts of that character, that is a different question—a question not raised in this case by counsel.

If the performance of the work done by defendant for which he here seeks to recover was work done outside of his

official duty, then I think he is entitled to recover. Under such circumstances, the fact that he was a county officer at the time the board of supervisors employed him to do the work is a foreign quantity in the case. As to the work done, the finding of fact is "defendant did collect and prepare the requisite data in blanks furnished by the state." This data was taken in part from the minutes of the board of supervisors, and in part was obtained from outside sources. As I view it, the performance of this character of work was no part of the duties demanded of the county clerk in his capacity as such, nor was it any part of his duty in his capacity as clerk of the board of supervisors. Plaintiff relies upon subdivision 11 of section 20 of the County Government Act for authority to support a contrary conclusion. That provision reads: "The clerk of the board must perform all other duties required by law or any rule or order of the board." If the service here performed by defendant was not an official duty within some express provision of the law, or within some rule or order of the board of supervisors, then it was not an official duty at all. Yet the clerk was not required to perform this work by any express law to which our attention has been directed; neither was he required to perform it by any rule or order of the board. No rule of the board has been produced which could possibly apply to this case; and it is conceded the board made no order for defendant to do the work. Indeed, it appears defendant accepted the employment as a favor to the board, and at its special request.

For the foregoing reasons I conclude that defendant should recover the amount of money which it is conceded his services were reasonably worth. The judgment should be reversed.

McFarland, J., concurred in the dissenting opinion.