[L. A. No. 1429.   In Bank.—October 1, 1904.]

## COUNTY OF SAN DIEGO, Appellant, v. JOHN F. SCHWARTZ, County Treasurer, etc., Respondent.

COLLATERAL INHERITANCE TAX LAW — COMMISSIONS OF TREASURER — MODIFICATION OF STATUTE—COUNTY GOVERNMENT ACTS.—Section 20 of the Collateral Inheritance Tax Law, giving to the treasurer of each county a commission on all sums collected thereunder in addition to his salary, though not wholly repealed, has been so far modified by the County Government Acts of 1893 and of 1897 that the commissions cannot be received by the county treasurer individually to his own use, but must be paid into the treasury of the county.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, Cassius Carter, District Attorney, and W. R. Andrews, Deputy District Attorney, for Appellant.

A. Haines, and M. L. Ward, for Respondent.

Arthur G. Fisk, and J. P. Langhorne, *Amici Curiæ,* also for Respondent.

SMITH, C.—This is an agreed case, submitted under the provisions of section 1138 of the Code of Civil Procedure. The case is properly entitled as above—though otherwise in the transcript. The defendant is the treasurer of the county of San Diego, and was such during the preceding term, commencing in January, 1899. He now has in his hands of the sum collected by him as collateral inheritance taxes under the act of March 23, 1893, (Stats. 1893, p. 193,) a balance of $601.96, for which he is sued, and to which, he

claims, he is personally entitled, under section 20 of the act; which reads as follows: "The treasurer of each county shall be allowed to retain, on all taxes paid and accounted for by him each year, under this act, in addition to his salary or fees now allowed by law, five per centum on the first fifty thousand dollars so paid and accounted for by him, three per centum on the next fifty thousand dollars so paid and accounted for by him, and one per centum on all additional sums so paid and accounted for by him."

The question submitted was whether the plaintiff is entitled to recover the money in question; and this, again, resolves itself into the question whether the provisions of section 20 of the Collateral Inheritance Act have been so affected or modified by the County Government Act of March 24, 1893, (Stats. 1893, p. 507; Stats. 1895, p. 10,) or by the subsequent County Government Act of 1897 (Stats. 1897, p. 573), as to entitle the plaintiff to recover. The court adjudged the contrary and the plaintiff appeals.

The case is in principle similar to that of the *County of Kern* v. *Fay,* 131 Cal. 547, where a judgment for the county was affirmed; and the same judgment, we think, should have been rendered here. In that case the suit was against the district attorney to recover the sum of $630, collected by him as fees in suits for the foreclosure of certificates of purchase of state school lands, and to which defendant claimed he was entitled under section 3553 of the Political Code; which reads: "The district attorney is entitled to receive ten dollars for each suit brought, to be taxed as costs." The question considered was as to the effect upon this provision of the provisions of section 216 of the County Government Act of 1893; which reads: "The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers, or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided." (Stats. 1893, p. 507; Stats. 1895, p. 10.) It was held in effect: *First,* "that the salary prescribed by said act [was] intended to compensate said officer [the district attorney] in full for all services rendered by him in his official capacity," and that he could not "retain for his own use any moneys collected by him in [such] capacity"; *second,* that the act did not necessarily

repeal the section of the Political Code in question; and *third,* that whether that section was repealed or otherwise, the county was entitled to recover:—the reason given for the last proposition being, that "the money was collected by the appellant, Fay, in his official capacity as district attorney, and he cannot now be heard to say that it was paid to him illegally, and that he therefore has a right to retain it."

These propositions effectually dispose of all the points urged by respondent's counsel, unless the difference between the office of the district attorney and that of the treasurer is to be regarded as material; or unless the decision in that case is to be repudiated on the ground that, under the rule stated in section 325 of the Political Code, the sections of the County Government Act, having been a part of the previous act, are not to be considered as having been re-enacted when the act was amended in 1893, and again in 1897, but as having been the law from the time they were first enacted in 1883; and hence that they do not repeal by implication the inconsistent provisions of the Collateral Inheritance Tax Law of 1893. We do not think the character of the particular office was regarded as material by the court, but even if it were so the principle would be the same in its application; for the provisions of the County Government Act relating especially to the treasurer even more clearly show that these and other fees were not thereafter to be received by him to his own use. (Stats. 1893, p. 368 et seq., secs. 70-72, 80-82, 84-89.)   As to the repeal by implication, the question is not important to the decision of this case; for there was also an express repeal. The act of 1893, and that of 1897 as well, contained a section declaring that "All acts and parts of acts inconsistent with this act are hereby repealed." (Stats. 1893, p. 513, sec. 236; Stats. 1897, p. 577, sec. 232.) It is true that this section was also contained in the previous act of 1885, but the rule of section 325 of the Political Code cannot be applied to such repealing provisions; for if so, it would render all such provisions after the first absolutely ineffective.   The provisions of the County Government Act on the subject of the fees of the treasurer for the collection of inheritance taxes are directly contrary to those of the tax law, in so far as the latter provides that he may apply them to his own use, and the later law is therefore a direct repeal of the former, in virtue of the

repealing provision above quoted. The principles of the decision in *County of Kern* v. *Fay,* 131 Cal. 547, are therefore clearly applicable, even if the ground upon which the repeal was declared in that case be wrong.

As to the application of the points decided to this case, the first proposition is obviously applicable. As to the second, we are of the opinion that section 20 of the Collateral Inheritance Act was not wholly repealed by the County Government Act, but was modified so that thereafter the fees retained were not for the use of the treasurer as an individual. As to the third, it is immaterial whether the moneys retained are to be held for the use of the state or for the county. If the former, they were legally in the custody, or ought to have been in the custody, of the county until paid over to the state; and there can be no doubt that the county, even before the passage of the County Government Act, was entitled to sue for and recover them. Since the passage of that act there can be no doubt of the county's title. (Stats. 1897, p. 573, secs. 216 et seq.)

The principles of the decision in *County of Kern* v. *Fay,* relating to the personal right of the treasurer to the fees under the County Government Act, have been substantially reaffirmed in the later cases of *In re Dodge,* 135 Cal. 512, and *County of Humboldt* v. *Stern,* 136 Cal. 63.

We advise that the judgment be reversed and the cause remanded, with directions to the court below to enter judgment for the plaintiff for the amount in controversy.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to enter judgment for the plaintiff for the amount in controversy.

Henshaw, J., Lorigan, J., McFarland, J., Shaw, J.,    Van Dyke, J.

ANGELLOTTI, J., dissenting.—I dissent. It would serve no useful purpose to here indulge in an extended discussion, or to do more than to state that, in my opinion, there has been no repeal or modification of the provision of the Collateral Inheritance Tax Law enacted March 23, 1893, by which the

legislature provided that the county treasurer should receive and retain, *in addition to the compensation provided by the County Government Act,* certain commissions upon all amounts collected by him for the state, under the provisions of the Inheritance Tax Law.

The three cases cited in the majority opinion do not appear to me to be at all in point.

*County of Kern* v. *Fay,* 131 Cal. 547, presented a question as to the right of the district attorney to retain for himself an attorney fee, collected as costs, in a certain class of actions, the alleged right being based on a section of the Political Code (sec. 3553) as enacted in 1872. It was very properly held therein that the effect of the subsequently adopted County Government Act system was to deprive the district attorney of any right to retain money under the provisions of the old section of the Political Code. The intention of the legislature to this effect was so clearly indicated by the first County Government Act adopted under the constitution of 1879 (Stats. 1883, p. 299) that it could not well have been held otherwise.

*County of Humboldt* v. *Stern,* 136 Cal. 63, involved an entirely different question,—viz., as to whether a county officer could enter into a valid contract with the county for the performance of services other than those pertaining to his office. Four of the justices held that the effect of the provisions of the County Government Act was "to render the officer incompetent to enter into a contract for compensation for any services he may render the county, and to render such contract void." Whether that decision was correct or not, it in no degree assists in the determination of the question here presented. *Dodge* v. *San Francisco,* 135 Cal. 512, involved the question as to the effect of certain provisions of the charter of the city and county of San Francisco relative to the compensation of the assessor thereof, and it was held that by reason thereof he could not receive any compensation for any official services except such as were given him by the charter, the matter of the compensation of the officers of such city and county being, under section 8½ of article XI of the constitution, a matter concerning which it was competent to provide in the municipal charter.

Rehearing denied.