[L. A. No. 1577. Department Two.—October 29, 1904.]

## MABEL I. HUMISTON, Respondent, v. EUGENE E. SHAFFER, Auditor of San Diego County, Appellant.

COUNTY GOVERNMENT ACT—OFFICE OF DISTRICT ATTORNEY—SERVICES OF STENOGRAPHER NOT A CLAIM AGAINST COUNTY.—The County Government Act of 1897, defining the duties and fixing the compensation of district attorneys, and making it in full for all services of every kind, and of every deputy and assistant not otherwise provided for in the act, makes the district attorney responsible for the services of a stenographer employed by him to write letters, pleadings, and judgments, and such services cannot be allowed as a legal claim against the county. The traveling and other expenses allowed to the district attorney under section 228 of the County Government Act do not include such service of a stenographer.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion.

Sam F. Smith, and Collier & Smith, for Appellant.

Eugene Daney, for Respondent.

COOPER, C.—The plaintiff was employed in the office of the district attorney of the county of San Diego during the month of January, 1904, and did certain typewriting for the district attorney during said month, from the second to the twenty-ninth days inclusive. She presented a claim against the county, duly itemized and verified, showing the total amount of the claim to be $49.30. The claim consisted of one hundred different items performed by plaintiff for the district attorney as stenographer and typewriter, the work being in connection with the official duties of the district attorney, and consisted in writing letters to various parties, letters advising certain county officers as to the correct performance of their official duties, letters of advice to the county board of supervisors, the writing of pleadings and judgments in civil actions in behalf of the county, and in writing and copying criminal informations. The claim was allowed by the board of supervisors of the county.

The defendant, as county auditor, refused to draw his war-

rant for the amount, and the court below, having heard the facts, ordered judgment for plaintiff awarding her a writ of mandate against defendant, commanding him as county auditor to draw a warrant in favor of plaintiff for the amount. This appeal is from the judgment. The question presented is as to whether the claim is a legal charge against the county. The duties of the district attorney are defined in sections 132 and 133 of the County Government Act of 1897. He must draw all indictments and informations, attend to the prosecution of all persons charged with crime, defend all suits brought in his county or wherever brought, prosecute all recognizances, forfeited in the courts of record and all actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county. He must give when required, without fee, his opinion in writing to county, district, and township officers on matters relating to the duties of their respective offices. He is the legal adviser of the board of supervisors, and must attend their meetings when required and oppose all claims and accounts against the county when he deems them unjust or illegal. Except for his own services, he must not present any claim, account, or demand for allowance against the county. It is provided in section 215 of the same act: "The salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers herein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided, and all deputies employed shall be paid by their principals out of the salaries hereinbefore provided, unless in this act otherwise provided." It is evident that the above-quoted provisions do not allow the district attorney to claim any extra compensation for his services, - or for the services of any deputy or assistant. If the law allows a deputy or assistant, and fixes the salary, then, and not otherwise, can the deputy or assistant be paid by the county. Plaintiff relies upon the section 228, which makes "the traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county, and in civil actions and proceedings in which the county is interested, and all other expenses necessarily incurred by him in the detection of crime and prosecution of criminal cases, and in civil actions and proceedings and all other matters in which

the county is interested'' a county charge. The above-quoted language does not include charges of the kind claimed by plaintiff in this case. The district attorney must write his own letters or pay some one to write them for him, in the absence of any law authorizing the paying of a deputy or assistant. If he could make the cost of copying or writing letters and opinions a personal expense within the meaning of the section, he could on the same principle make the cost of employing an attorney to look up authorities and write briefs a personal expense. He could on the same principle incur personal expense by hiring everything done in connection with his office. His food, clothing, cigars, and amusements are personal expenses, but not such as contemplated by the statute. The statute contemplates expenses necessarily incurred in connection with the office of the district attorney outside of the performance of the duties required of him by statute. If money has to be paid for taking a deposition, for the services of an expert, or for detective work, the statute makes it a charge against the county.

In *Dougherty* v. *Austin*, 94 Cal. 601, it was held that an order of the board of supervisors of Marin County allowing a county clerk a deputy at a salary of fifty dollars a month, to be paid by the county, was an increase of the compensation of the county clerk after his election, and therefore void, as being in conflict with section 9 of article XI of the constitution. In the concurring opinion of the chief justice it was said: ''The sum allowed to any given officer being a lump sum out of which he must pay for the services of all deputies and assistants necessary for the prompt and faithful discharge of all the duties of the office, it is evident that his own compensation consists of the residue remaining after payment of such deputies and assistants; and it is equally evident that just so far as the county assumes the payment of such deputies and assistants, such residue is enlarged and the compensation increased.'' Applying the principles of that case to the case at bar, it is plain that the board of supervisors could not have made an order appointing the plaintiff stenographer and typewriter for the district attorney at a salary. If they could not do it directly, they could not do it indirectly; but if we allow the plaintiff to recover in this case, the result is the same as though she had been appointed by the board of supervisors

and her salary fixed. She would in such case be paid for her month's work by the county. If it could be done for one month, it could be done for every other month in the year. If such allowance could be made to a typewriter, it could on the same principle be allowed to a clerk or an attorney employed by the district attorney. The case of *Dougherty* v. *Austin*, 94 Cal. 601, has been universally followed by this court. It was applied in *County of Orange* v. *Harris*, 97 Cal. 600, where it was held that the tax-collector was not entitled to a portion of the penalties collected on delinquent taxes for preparing the delinquent list. It was applied in *County of Kern* v. *Fay*, 131 Cal. 547, where it was held that the district attorney could not retain in addition to his salary the sum of ten dollars each in sixty-three suits recovered as costs, under a statute, as attorney's fees in actions to foreclose certificates of purchase to state school lands; and in *County of Humboldt* v. *Stern*, 136 Cal. 63, where it was held that the county clerk of Humboldt County could not receive extra compensation for extra work done by him in preparing data for a claim of the county against the state; and in *Matter of Dodge*, 135 Cal. 512, where it was held that the assessor of the city and county of San Francisco was not entitled to receive for his own use a percentage of poll-taxes fixed by section 3862 of the Political Code. It was applied in *Agard* v. *Shaffer*, 141 Cal. 725, where it was held that the county recorder of San Diego County was not entitled to extra pay for a clerical force employed to make abstracts of mortgages, deeds of trust, and contracts for the use of the assessor under section 3678 of the Political Code directing the board of supervisors when necessary to provide for such extra clerical force. It was there said: "In the statute before us in this case the compensation was to be allowed by the board to additional clerical force to assist the recorder in performing his official duties. In principle there is no difference between helping out the recorder's compensation by furnishing him a deputy to perform the work of the office and furnishing him a 'clerical force' to do the same thing. The one affects his compensation in exactly the same manner as the other. And if the power to do the one thing should not be delegated to the board of supervisors, then the power to do the other thing should not be so delegated."

The judgment should be reversed and the court below directed to dismiss the proceedings.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to dismiss the proceedings.        Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.