Argued March 27, decided April 1, 1913.

**BELL v. MARTIN, COUNTY AUDITOR.**

(130 Pac. 1126.)

**Justices of the Peace—Fees.**

Act Feb. 25, 1895, p. 88, Section 1, provides that justices of the peace in all cities having 50,000 or more inhabitants shall receive an annual salary of $2,000, which shall be in full compensation for all services performed as justices, and no other fees or compensation shall be received by them, which section was amended by Section 3178, L. O. L., so as to make the salary $200 a month, and Section 2 of the act of 1895, provides that justices shall perform the duties of their office as now required by law, and collect in advance from all litigants the fees now allowed them by law, and turn the same over to the county treasurer. Held, that a justice could only receive fees collectible from litigants under the justice's fee bill, and, while he had no right to fees collected for solemnizing marriages, the county could not recover such fees collected from him by setting them off against his salary, since the county was only entitled to fees properly collected by the justice, nor would the county be authorized to set off such fees against his salary by Section 3121, L. O. L., providing that uncollected fees shall be deducted from the salary of an officer remiss in collecting fees.

From Multnomah: JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, J. W. Bell, is a justice of the peace in Portland, a city of more than 100,000 inhabitants, in Multnomah County, of this State, of which county the defendant is the auditor. On plaintiff's petition the circuit court of that county issued its alternative writ of mandamus directed to the defendant commanding him to forthwith audit and approve the claim of the petitioner for $200 salary allowed by law to him for the month of June, 1911, and report the same to the county commissioners of the county, or, in default thereof, that he show cause why he had not done so. Availing himself of the

alternative permitted by the writ, the defendant alleged, in substance, that during the plaintiff's incumbency in the office of the justice of the peace he had received the sum of $1,060 as fees for solemnizing marriages, and making returns thereof which he had neglected to pay to the county treasurer. The circuit court sustained a demurrer to this answer, and, as the defendant refused to plead further, directed a peremptory writ to issue, and from this judgment he appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. George J. Cameron,* District Attorney, and *Mr. Frank T. Collier,* Deputy District Attorney, with an oral argument by *Arthur P. Murphy,* Deputy District Attorney.

For respondent there was a brief over the names of *Mr. Claude Strahan* and *Mr. William Reid,* with an oral argument by *Mr. Strahan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is stipulated that the appeal is to test the one question of whether or not the justices of the peace of Portland district have the right to keep the fees collected for solemnizing marriages. Originally such officers throughout the State derived their compensation through fees collected from litigants in their court, or those to whom they rendered ministerial services. Some of these fees were directly connected with litigation, and others were derived from services such as taking the acknowledgment of deeds and the like. Among others was a fee of $5 for performing a marriage ceremony and making a return thereof. An innovation upon the former statutory emoluments was made by the act of February 25, 1895 (Laws 1895, p. 88), entitled "An act to fix the compensation of justices of the peace and constables in the State of Oregon, in cities having over 50,000 inhabitants." Section 1 of that act reads thus:

"The justices of the peace in all cities within the State of Oregon having 50,000 or more inhabitants shall receive an annual salary of $2,000 to be paid in like manner as the salaries of other officials are now paid which said salary shall be in full compensation for all services or duties performed by said justices of the peace and no other fees, commissions or compensation whatever shall be allowed to or received by them."

This section was subsequently amended to make the salary $200 per month. Section 3178, L. O. L. If this statute had stopped at this point, there is no question but what all fees whatever payable to justices of the peace of the class named therein would have been abolished, and no law would have existed whereby they could have collected any fee whatever. Section 3 of that act, however, provided that:

"Said justices shall perform the duties of their office as now required by law and shall collect in advance (except in criminal cases) from all litigants, the fees now allowed them by law and shall on the first day of each month turn the same over to the county treasurer of their respective counties and take his receipt therefor."

Construing both these sections to stand as we must by well-recognized canons, we must hold that in the case of justices in cities having over 50,000 inhabitants the general rule prescribed by Section 1 would sweep out of existence all fees, commissions, or compensations whatever theretofore allowed such officers, but that Section 3 constitutes an exception to the more general provisions of Section 1, and exempts from the effect of the former section the fees at that time collectible from litigants under the general justices' fee bill. As the law then stood, when the act of February 25, 1895, went into effect, the justice had no authority to exact a fee for the performance of the marriage ceremony because it was only from suitors in his court that he could demand any fee. That act left him authority to exact fees from litigants

alone. It is solely by virtue of the statute that the county has any right to the fees collected by the justices, and, if the latter had no right to collect them, neither has the county any right to demand the same from him. This is the doctrine taught by the case of *State ex rel.* v. *Dunbar,* 53 Or. 45 (98 Pac. 878: 20 L. R. A. [N. S.] 1015). The title of the county to the money cannot be better than that of the officer who collected it.

The defendant bases his refusal to obey the writ upon the terms of Section 3121, L. O. L., providing substantially that the uncollected fees shall be deducted from the salary of the officer who is remiss in his duty in that respect, or, if the amount uncollected exceeds his salary for any one month, then so much thereof as will cover the salary is to be credited to him, and the remainder deducted from his future salary until the whole amount is paid. This section, however, furnishes no obstacle to the allowance of the plaintiff's salary, for, as we have seen, the fee in question is not a litigant fee, neither is it one allowed by law to a justice of the class in which plaintiff is included.

The judgment of the circuit court is affirmed.

AFFIRMED.