[Civ. No. 2717. Second Appellate District.—June 22, 1918.]

## COUNTY OF LOS ANGELES, Petitioner, *v.* JOHN C. CLINE, Sheriff, etc., Respondent.

PUBLIC OFFICERS—COMPENSATION OF SHERIFF OF LOS ANGELES COUNTY —DELIVERING PERSONS TO STATE INSTITUTIONS—COUNTY MONEY.— The sheriff of the county of Los Angeles is not entitled to retain for his own use moneys received by him from the state, under sections 4175 and 4176 of the Political Code, for delivering prisoners and insane persons to state institutions, but he is required to turn the same into the county treasury, since the ordinance of the board of supervisors of such county fixing the compensation of such officer, passed under the power granted by the freeholders' charter of that county, is the measure of the right to compensation.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel a sheriff to pay into the county treasury fees received by him from the state in delivering prisoners and insane persons to state institutions.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and David R. Faries, for Petitioner.

Frank Dominguez, George Sanders, Milton M. Cohen, and Gesner Williams, for Respondent.

SHAW, J.—In mandate. Respondent is sheriff of Los Angeles County, having been elected to said office at the general election in 1914. At the time of his election, and ever since, Los Angeles County has operated under a freeholders' charter, which provides that the board of supervisors shall by ordinance fix the compensation of all elective officers, which includes the sheriff. On June 2, 1913, said board, by an ordinance duly passed pursuant to the power so granted, fixed the salary of the sheriff of said county at the sum of four thousand dollars per year, which, as therein declared, was in full compensation for the performance of all official services required by law. The charter provided: "That all fees collected by any county officer, board or commission shall be paid into the county treasury on the first Monday of each calendar month, together with a detailed statement of the same in writing, a duplicate copy of which shall be filed with the auditor at the same time."

In the month of February, 1918, for services rendered by respondent as such sheriff covering the time necessarily consumed in delivering prisoners and insane persons to state institutions, he received from the state the sum of $496. The question involved is whether or not respondent is, as he claims, entitled to retain said sum so received, for his own use, or required to turn the same into the county treasury and file therewith a detailed statement of the same in writing, and also file a duplicate copy thereof with the auditor. Respondent's refusal to comply with said provision of the charter is based upon sections 4175 and 4176 of the Political Code, which provide that there shall be allowed to the sheriff by the state, to be retained by him for his own use, a per diem of five dollars for the time necessarily consumed in delivering prisoners and insane persons to state institutions to which they have been legally committed. On the other hand, petitioner insists that the ordinance is the measure of respondent's right to compensation, and that, since the ordinance fixes his salary at four

thousand dollars per year in full compensation for his services and the charter requires all fees earned or collected by him for official services rendered to be turned into the county treasury; such fees so earned and received belong to the county.

In our opinion, petitioner's contention must be sustained. The charter, adopted under and pursuant to the provisions of section 7½, article XI, of the constitution, in express terms authorizes the board of supervisors by ordinance to fix the compensation of such sheriff, and under the power so granted the board did fix such salary, declaring it to be in full compensation for all services which the sheriff was required by law to perform, and, as declared by the charter, all fees received by him from any source for services which he was required to perform should be paid into the county treasury. Under the provisions of the constitution, charter, and ordinance, there would seem to be no question as to the county being entitled to the fees so received by the sheriff for the services rendered. Hence, while the sheriff is still entitled, under said sections 4175 and 4176, to collect from the state the per diem therein provided for his time consumed on behalf of the state in performing the duty imposed, the moneys so received belong to the county. Under the ordinance passed pursuant to charter provisions, the time of the sheriff consumed in the performance of his official duties belongs to the county, and his earnings in the performance thereof, like those of any other employee, belong to the employer. This conclusion finds ample support in cases decided by the courts of this state, among which are those of *Adams* v. *San Francisco,* 50 Cal. 117, *County of Santa Clara* v. *Branham,* 77 Cal. 592, [20 Pac. 75], *In the Matter of Dodge,* 135 Cal. 512, [67 Pac. 973], and *County of San Diego* v. *Schwartz,* 145 Cal. 49, [78 Pac. 231], all of which involved like questions and which were decided in accordance with the views herein expressed.

The alternative writ of mandate heretofore issued is made peremptory.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1918.