[Civ. No. 14. Fourth Appellate District.—October 22, 1929.]

GEO. S. RICHARDSON, Appellant, v. KENNETH E. MORRISON, as Justice of the Peace, etc., Respondent.

W. M. Smith for Appellant.

R. Y. Williams and L. A. West for Respondent.

BARNARD, J.—The plaintiff brought this action as a taxpayer, in behalf of himself and all other taxpayers of Orange

County, against the defendant as justice of the peace of Santa Ana township, Orange County, seeking a writ of *mandamus* directed to said defendant, commanding him to pay into the county treasury all money received by him as such justice of the peace from parties to any marriage solemnized by him, either as "fee, gift, reward, tip, compensation or otherwise," during his term of office. The petition alleges the election, qualification and acting of defendant as such justice of the peace; that he has solemnized a certain number of marriages, for which he has accepted from the contracting parties and retained for himself large amounts of money, and that this retention is a direct injury to plaintiff and all other taxpayers of said county. The trial court entered an order and judgment sustaining a general demurrer to the petition, without leave to amend, and denying the writ of mandate prayed for by plaintiff. This appeal is from such judgment.

Appellant earnestly contends that the order and judgment appealed from is contrary to the Constitution and both the civil and criminal law of the state of California, and against public policy. Four points are relied on, with various citations of authorities. It is unnecessary to pass upon these points for the reason that they all go to the alleged fact that it was illegal for respondent to accept the money involved. And even if appellant's contention was upheld as to any or all of the points relied on, such holding that the acts complained of were illegal, would not settle the question here involved. The only question presented by this appeal is whether defendant, as such justice of the peace, in such an action as this, may be compelled to turn over money received in the manner indicated to the county treasury.

If it be assumed that the accepting of "fees, gifts, rewards, tips, compensation or otherwise" by a justice of the peace for marriages solemnized, is illegal, still there is no law requiring such a person to pay over money so received to the county treasury. Prior to the 1913 session of the legislature the law provided for a fee of $3 to be charged and collected by a justice of the peace for celebrating a marriage and returning a certificate thereof to the county recorder. (Stats. 1907, p. 552.) This provision was omitted by the legislature in 1913 (Stats. 1913, p. 1442), and since that time no such fee has been provided for by law.

Section 4292 of the Political Code provides: "All salaried officers of the several counties and townships of this state shall charge and collect for the use of their respective counties, and pay into the county treasury, on or before the fifth day of each month the fees now or hereafter allowed by law in all cases, except where such fees, or a percentage thereof, is allowed such officers, and excepting also such fees as are a charge against the county."

In the case of *City of Sacramento* v. *Simmons,* 66 Cal. App. 18 [225 Pac. 36, 41], the defendant, who was a city commissioner of the city of Sacramento, also performed the duties of local registrar of vital statistics for the state in that city, for which he received certain compensation from the county. In this action by the city to collect from defendant the moneys so received, the court said: "That the defendant may not have been legally authorized . . . to collect money from the county of Sacramento for his services to the state does not give to the city of Sacramento any title to the money so collected."

The case of *State ex rel. McNary* v. *Dunbar,* 53 Or. 45 [20 L. R. A. (N. S.) 1015, 98 Pac. 878, 880], decided by the Supreme Court of Oregon, was an action by a taxpayer on behalf of the state to compel the Secretary of State to account to the state for certain fees which it was alleged he had illegally collected. In its opinion, the court, after assuming, but not deciding, that the collection of the fees was prohibited by the Constitution of that state, said: "The right to exact such fees for the benefit of the state, or its title to the money so collected, must be established by legislative authority. If the fees cannot be exacted for the purpose prescribed in the statute, then they cannot be exacted at all, and, if collected without authority, may be recovered by the person from whom exacted, if he is not otherwise barred."

"But the state's right to such fees depends upon some legislative provision exacting the same as compensation to the state. . . . but the unauthorized exaction of fees by an officer cannot operate to give the state or the county title to the money so received."

The case of *Bell* v. *Martin,* 64 Or. 519 [130 Pac. 1126, 1127], also decided by the Supreme Court of Oregon, is nearly identical with the case at bar. The plaintiff, a justice

of the peace, secured an alternative writ of *mandamus*, directed to the county auditor, directing him to approve a claim for petitioner's salary, or show cause why he had not done so. By way of return the auditor alleged that plaintiff had received a large sum as fees for solemnizing marriages, which he had failed to pay to the county treasurer. The lower court sustained a demurrer to this answer, and, upon a refusal to plead further, a peremptory writ was issued. It was stipulated that the appeal was to test the one question as to whether or not the justice of the peace had the right to keep fees collected for performing marriage ceremonies. The opinion states that originally such officers derived their compensation from fees collected from litigants, and from those to whom other services were rendered, including a fee of $5 for performing a marriage ceremony and making a return thereof; that this was later changed and at the time involved the law provided for a definite salary, "which said salary shall be in full compensation for all services or duties performed by said justices of the peace and no other fees, commissions or compensation whatever shall be allowed to or received by them"; that the law required them to perform the duties of their office, collect the fees allowed by law, and on the first day of each month turn the same over to the county treasurer; and that, as the law then stood, a justice of the peace had no authority to exact a fee for performing a marriage ceremony. The court then says: "It is solely by virtue of the statute that the county has any right to the fees collected by the justices, and, if the latter had no right to collect them, neither has the county any right to demand the same from him. . . . The title of the county to the money cannot be better than that of the officer who collected it."

Appellant relies on similar provisions in California, limiting a justice of the peace to his fixed salary. The Constitution of California, article VI, section 15, provides: "No judicial officer, . . . shall receive to his own use any fees or perquisites of office. . . . " And section 4290 of the Political Code provides, in part: "The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title." One of the officers named in this title is justice of the peace.

In support of his contention that an officer collecting fees not authorized by law may be compelled to turn over the same to the public treasury appellant cites only two cases, to wit: *People* v. *Van Ness*, 79 Cal. 84 [12 Am. St. Rep. 134, 21 Pac. 554], and *County of Kern* v. *Fay*, 131 Cal. 547 [63 Pac. 857]. We think these cases are not controlling here. In *People* v. *Van Ness* the money involved was collected by the defendant in his official capacity and under color of office, under his own misconstruction of a code section, and was paid into the state treasury. Later, in a suit upon his bond for other moneys, defendant claimed the right to offset this money previously so collected by mistake and paid over to the state. The court merely held that the money, in any view, did not belong to defendant; that it belonged to the parties from whom collected, but the state, under the circumstances, was the proper custodian of the money. In *County of Kern* v. *Fay*, the court held that certain attorney fees paid to the district attorney of Kern County were authorized by law, were paid to defendant in his official capacity, and that as his salary was in full compensation for official duties, he could not retain the fees.

We are of the opinion that the law, as now existing, requires a justice of the peace to pay into the county treasury only the fees now provided for by law, and that these do not include such money as is described in appellant's petition. Whatever be the status of the payments or gratuities involved in this action, they are not such fees as are required to be paid to the county by any existing statute. If the justice of the peace has no right to collect them, neither can the county demand them from him. Irrespective of whatever other action might be taken in regard to any such money, if the *acceptance* of the same be in violation of law, the county has no right nor title thereto, and appellant was, therefore, not entitled to the writ prayed for. The judgment is affirmed.

Sloane, P. J., and Marks, J., concurred.