[Civ. No. 3564.   Fourth Dist.   May 15, 1947.]

W. R. WOOLLOMES et al., Respondents, v. S. A. WOODY, as County Auditor, etc., Appellant.

Norbert Baumgarten, County Counsel, for Appellant.

Harvey, Johnston, Baker & Palmer and Oran W. Palmer for Respondents.

GRIFFIN, J.—This is a proceeding in mandamus brought by the individual members of the board of directors of a county sanitation district (also members of the board of supervisors) against the auditor of Kern County, in his ex officio capacity as auditor of all county sanitation districts in said county, directing him, as such auditor, to draw warrants for compensation of plaintiffs, as such directors, for three years of service, based on the compensation purportedly authorized by section 4733 of the Health and Safety Code. Defendant demurred to the petition. It was overruled. The trial court later gave judgment for petitioners and granted a peremptory writ of mandate. Defendant appealed.

The material facts alleged and admitted as true are: (1) That there are three county sanitation districts in Kern County; (2) all are in unincorporated territory and by virtue of section 4730 of the Health and Safety Code, the members of the board of supervisors of that county automatically became the governing body in each of said districts. Although the governing board approved and allowed such claims, the auditor refused to draw warrants in payment thereof, upon the ground that he was uncertain whether plaintiffs were legally entitled thereto. (See Opinions of the Attorney General of California, vol. 5, p. 188.)

The question here presented is whether the supervisors, as members of each district board, may, in addition to their regular compensation as members of the board of supervisors, each receive compensation for services as a member of the three boards specified.

Section 4730, *supra*, reads in part: "*If the whole of the district is unincorporated territory,* the board of supervisors of the county in which the district is formed constitutes the district board."

Section 4733, *supra*, provides: "Each member of the district board shall receive as compensation for his services as a member ten dollars for each meeting of the district board

attended by him, together with expenses necessarily incurred by him in traveling between his place of residence and the place of meeting. However, no member shall receive compensation for attending more than three meetings of the board during any calendar month.''

Section 5, article XI of the Constitution provides in part that ''The legislature, by general and uniform laws, shall provide for the election . . . .in the several counties, of boards of supervisors . . . and . . . prescribe their duties and . . . regulate the compensation. . . .'' It then provides that: ''The compensation of any county, township or municipal officer shall not be increased after his election or during his term of office. . . .''

Section 4290 of the Political Code provides that ''The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title either as officers or ex-officio officers . . . unless in this title otherwise provided, . . .'' A proviso then follows containing certain exceptions as to certain designated officers, and provides that such officers may receive and retain for their own use certain commissions and fees therein specified.

It is conceded that the courts of this state have not squarely passed upon the question here involved.

Appellant argues (1) that, as compared to section 4733 of the Health and Safety Code, section 4290 of the Political Code is the latest expression of the Legislature and is therefore controlling; (2) that the purpose of said section 4733 is to compensate only in those cases where the appointment of directors is not ex officio; and (3) that the history of the construction of section 4290, *supra,* shows it was intended to cover compensation of all duties, officio and ex officio, and that said section controls, in case of doubt, over other and special fee statutes.

Respondents contend that sections 4730 and 4733 of the Health and Safety Code are later and more specific expressions of legislative intent than are sections 4290 and 4238 of the Political Code; that sections 4733 and 4290, *supra,* are *in pari materia*; that the services rendered to the Sanitation District by the members of the board of supervisors are foreign to and not ex officio services rendered to the county, and consequently are not subject to the limitations provided under section 4290 of the Political Code.

The legislative history of the two statutes shows that section 4290 of the Political Code was enacted in 1907 (Stats. 1907, ch. 282, pp. 354, 545), and last amended in 1933 (Stats. 1933, ch. 843, p. 2212). The language of paragraph one of that section (so far as here involved) is still in the same language as that used in 1907. The organic act providing for county sanitation districts was not enacted until 1923 (Stats. 1923, ch. 250, p. 498). No provision was then made for compensation of the directors of such district. In 1927 section 5½ was added and it provided for a compensation of ten dollars plus expenses for the "directors" (Stats. 1927, ch. 229, pp. 415, 418). This language remained the law and was carried into the Health and Safety Code as adopted in 1939 (Stats. 1939, ch. 60, p. 482), except when it was enacted, the language was changed to provide that each "member," rather than "director," shall receive compensation for his services as indicated. Section two thereof provides that "The provisions of this code in so far as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations, and not as new enactments."

Section 9605 of the Government Code provides that, "Where a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form. The portions which are not altered are to be considered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment."

Compared to section 4290 of the Political Code, it appears that section 4733 constitutes the latest expression of legislative intent on the question involved. Section 4733, *supra*, without qualification or exception, directs that *"Each member . . . shall receive . . . for his services . . . ten dollars for each meeting. . . ."* An exception to the provision of the first paragraph of section 4290 is therefore indicated. That section provides that exceptions may be made. It also provides that the salaries paid supervisors, either as officers or ex officio officers, shall be in full compensation for all services of every kind that are rendered by them *"unless* in this title otherwise provided. . . ."* Certain exceptions are therein provided.

A similar question was raised in *County of Ventura* v. *Barry*, 202 Cal. 550 [262 P. 1081], in construing section 4290

of the Political Code with section 4252 of the Political Code in relation to the retention, for his own use, by the county assessor, of certain percentage fees in the collection of unsecured personal property taxes. It was there held that the two statutes were *in pari materia* and that the general section 4290 was to apply in all cases not *"otherwise provided"* for in some other section of the same title, and "where otherwise provided for the general law is not repealed, but remains in abeyance only," and that a subsequent expression of the law making power on the same subject must be given control over the provisions of earlier statutes.

The case of *People* v. *Ely,* 71 Cal.App.2d 729 [163 P.2d 453], involved the repeal of Vehicle Code, section 500, and the revival of Penal Code, section 192. In that case there was an attempt to distinguish the holding in *County of Ventura* v. *Barry, supra,* from that of the Ely case. It was argued that the exception must be contained *in the same title,* otherwise it could not be considered an exception. The court there said:

"Without disputing the soundness of this reasoning, it should be pointed out that in both the cited and instant situations the Legislature did nothing more than create an exception to the applicability of a statute which otherwise remained in force. In the cited case the original statute expressly contemplated exceptions to its application. In the instant case the subsequent statute alone created the exception. Both cases clearly come within the rule quoted from 25 Ruling Case Law 934, and approved by the Supreme Court in the case cited."

So in the instant case, we are convinced that section 4733, *supra,* created an exception to section 4290 of the Political Code. ▆▆▆ The language of a subsequently enacted statute should never be so construed as to nullify the will of the Legislature or to cause the law to conflict with the apparent purpose had in view by the law makers. (*Lucchesi* v. *State Board of Equalization,* 137 Cal.App. 478, 482 [31 P.2d 800].)

A particular intent will control a general one that is inconsistent with it. (Code Civ. Proc., § 1859; 23 Cal.Jur. § 107, p. 725.)

Appellant cites *County of Humboldt* v. *Stern,* 136 Cal. 63 [68 P. 324]. There a county clerk, for extra compensation, entered into a contract with the board of supervisors to search records of the board to support the county's claim against the

state. The clerk was prohibited from recovering from the county under the provisions of section 4290 of the Political Code. That case did not involve the construction of any subsequent legislative enactment creating an exception to section 4290 of the Political Code.

In *County of San Diego* v. *Bryan*, 18 Cal.App. 460 [123 P. 347], a proceeding was instituted to compel defendant justice of the peace to pay into the county treasury fees collected by him for solemnizing marriages. Section 4300e of the Political Code then required a fee of $3.00 for such service. It was held that such fees were returnable with other fees to the county treasurer. No provision of law allowed the retention of such fees. (See *Richardson* v. *Morrison*, 101 Cal.App. 418 [281 P. 726].)

Likewise, it may be noted that in *County of Humboldt* v. *Stern, supra,* page 66, it was held that section 4290 provides that the officers therein enumerated shall not receive any compensation *from the county* other than the salaries therein stated for any services they may render *to the county*, either in the line of their official duties or otherwise.

In the instant case a service is being rendered *to the sanitation district,* and the compensation is made payable by such district and not the county of Kern. The limitations of section 4290 are on officials rendering services to the county, as such.

As counties are dividing more and more into these special taxing districts, it can readily be seen that a supervisor, if appellant's contention is correct, could be required, in order to perform his functions as a director of such districts, to attend meetings at all points of the county at all times of the week without any compensation or remuneration whatever.

It is a general principle of law that where new duties are delegated by statute to a public officer which are without the scope or range of his office, and additional compensation is provided therefor, the statutory increase is not affected by a constitutional provision prohibiting any increase in the compensation of a public officer after his election or appointment. (21 A.L.R. 258; *Love* v. *Baehr*, 47 Cal. 364; *San Luis Obispo County* v. *Felts*, 104 Cal. 60 [37 P. 780].)

The case of *County of Sacramento* v. *Pfund*, 165 Cal. 84, 87 [130 P. 1041], involved sections 4235 and 4290 of the Political Code pertaining to the salary of the county clerk. Under Statutes of 1909, page 663, chapter 389, section 2, a county

clerk was allowed to retain for his own compensation out of the Game Preservation Fund, 10 per cent of the sales of hunting licenses. It was there held, in allowing the county clerk to retain such commission, that the Legislature clearly designed to differentiate between the county clerk in his official capacity and the county clerk in his private capacity. (See, also, *McAuliffe* v. *Kane*, 54 Cal.App.2d 288 [128 P.2d 932].)

█ In all the situations set forth in section 4730 of the Health and Safety Code, the district board of a county sanitation district is comprised of officials either of a city or county, or both. The services which these persons render to the district are not, necessarily, for the benefit of their respective cities or county, but for the benefit of the district. An examination of that section will disclose that there are five different combinations of circumstances which are applicable to determine the personnel of the board of directors of a county sanitation district. In four of these combinations, one or more members of the board of supervisors become directors, and in only the last combination do all of the supervisors become members. In none of the combinations, however, are any of the directors compensated because of the fact that they are such members. On the contrary, they are compensated only *if they attend meetings,* and then only for such meetings as are not in excess of three in any calendar month.

It therefore appears here that the Legislature has designated certain persons to act as members of the board of directors of the county sanitation districts. These persons may be all city officers, all county officers, or part city and part county officers. They do not hold office by virtue of their incumbency as such officers, but by virtue of a combination of circumstances which may be different in each district. The duties to be performed are foreign to their office. That the Legislature has made provision for the compensation of such director members is the only reasonable construction that can be put on section 4733 of the Health and Safety Code, which section is the latest legislative expression on the subject.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.