GEORGE W. HARRISON, PROSECUTOR, v. CITY OF ELIZABETH ET AL.

Submitted December 8, 1903—Decided February 24, 1904.

It appearing from the testimony that one R., a member of the city council of Elizabeth, was indirectly interested in a contract to do work for the city, awarded by the board of fire commissioners of that city, the contract will be set aside as against the provisions of the charter.

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *James C. Connolly.*

For the defendants, *C. Addison Swift.*

The opinion of the court was delivered by

GARRETSON, J. The *certiorari* brings up the proceedings of the board of fire commissioners of the city of Elizabeth, awarding a contract to H. A. Rath & Company for furnishing of bath-tubs and the performance of certain work in and about the fire engine houses of that city, and it is sought to set aside this contract upon the ground that Henry A. Rath, a member of the city council of Elizabeth, was interested in that contract. The board of fire commissioners, having previously considered the question of placing bath-tubs in the engine houses, secured four bids to do the work, and on the 25th of October, 1903, on motion, the contract was awarded to H. A. Rath & Company, their bid being the lowest.

The board of fire commissioners was created by an ordinance of the city of Elizabeth under legislative authority, and by the ordinance has control and regulation of the fire department. Section 4 of the ordinance provided "that the appropriations made or to be made annually hereafter for the support and maintenance of the said fire department shall be paid out by the city council, the same as other moneys are paid out, after due requisition therefor by the said board of fire commissioners shall be made and upon approval of the same by the proper city officials."

The city charter provided (*Pamph. L.* 1863, *p.* 155) :

"SEC. 122. No member of the city council shall, during the time for which he was elected, * * * be directly or indirectly interested in any contract work or business, or in the sale of any article, the expense, price or consideration

of which is paid from the city treasury or by an assessment levied by an act or ordinance of the said council, nor shall any such member be directly or indirectly interested in the purchase of any real estate or other property belonging to the city council, or become security for any officer appointed by the said council or for any contractor under the city government," &c., under a penalty.

It is admitted in the case that all appropriations for the board of fire commissioners are made by the city council, and that all expenditures of money for the board of fire commissioners must be passed upon by a three-fourths vote of the city council, the same as other bills are paid, after being submitted by the board of fire commissioners. The evidence shows that Henry A. Rath was a member of the city council when the contract was made; that he is a plumber; that he prepared and submitted the bid of H. A. Rath & Company for doing the work in question; that he signed the contract; that when some question arose as to whether he could make this contract, he said that he would assign the contract to his mother. Mr. Rath testifies that the firm of H. A. Rath & Company consists only of his mother, Emily A. Rath; he acts as manager and looks out for his mother's interests; that his father's name was Henry A. Rath; that he has been dead eight years; that prior to his death he carried on the same plumbing business as is now carried on by H. A. Rath & Company, and under the same name; that at the time of his father's death Mr. Kleinhan was a partner, and afterwards his mother, Emily A. Rath, bought out Kleinhan's interest; after a year Mrs. Rath took in L. A. Hoffman and her son, Henry A. Rath, and a year later she bought out both Hoffman and her son; this in 1899. The bill of sale by which it is claimed Henry A. Rath transferred to his mother his interest in the partnership of H. A. Rath & Company, dated September 11th, 1899, makes no mention of any partnership interest. The property sold is described as follows: "Two horses, two wagons, stove fixtures, plumbing utensils and all of the goods and

chattels of Nos. 1215½ and 1217 East Broad street, Elizabeth, N. J., occupied by H. A. Rath & Co., and also all personal property of whatsoever kind used in connection with the business of H. A. Rath & Co." It further appears that Henry A. Rath, the councilman, continued in the employ of the firm; that he represents the firm of H. A. Rath & Company in the master builders' association; that a bank account is kept in the name of H. A. Rath & Company; that he signs checks on that account; that he has a power of attorney from his mother to sign them; that he does not always put after his name "attorney;" that his mother never signs a check he does not sign; that he takes care of the interest of the firm for his mother; that he gets $18 a week; that it never increases or diminishes; that he sees that the work of the firm is done and gets other work, if he can, for the interest of the business; that he has no pecuniary interest and does not share any of the profits of the firm; that he saw the advertisement for the work of this contract in question; that he watches for advertisements of this kind and always submits bids; that it is the practice of the firm to have him execute the contracts.

This evidence satisfies us that Henry A. Rath, a member of the city council, was indirectly interested in the contract in question, and that the same should be set aside.