[L. A. No. 9075. In Bank.—December 30, 1926.]

CALVIN G. MOUSSEAU, Respondent, v. W. D. GAREY, Auditor, etc., Appellant.

[1] PUBLIC OFFICERS—COMPENSATION—COUNTY CLERK—SECTION 4290, POLITICAL CODE.—Section 4290 of the Political Code, providing that the salaries therein provided shall be in full compensation of all services rendered by county officers either as officers or ex-officio officers, does not attempt to deal with the question as to whether county officers can or cannot perform services for their respective counties outside of their official duties and be compensated for such services; and a county clerk is eligible to the position of purchasing agent of the county, by appointment of the board of supervisors, and is entitled to receive the compensation agreed to be paid him for his services in said position.

(1) 15 C. J., p. 498, n. 32, p. 502, n. 11 New, p. 505, n. 64.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. R. Utley, District Attorney, for Appellant.

Calvin G. Mousseau, *in pro. per.*, MacDonald & Thompson and Harry W. Horton for Respondent.

CURTIS, J.—Respondent is the duly elected and qualified county clerk of the county of Imperial, having been elected to that position at the general election held in November, 1922. He qualified as such officer and entered upon the discharge of his duties on the first Monday in January, 1923, and has ever since continued to fill said office and to discharge the duties thereof. On the fifteenth day of January, 1923, the board of supervisors of said county appointed or employed him to act as county purchasing agent and fixed his compensation for the services to be performed under said appointment at the sum of fifty dollars per month. He accepted such employment and discharged the duties required

1. See 22 R. C. L. 535.

by him thereunder up to the first day of June, 1923. His salary was paid for the first three months of his employment, but the appellant, the duly elected, qualified, and acting auditor of said county, refused to allow respondent's demands for salary for the months of April and May, 1923. Thereupon respondent instituted this proceeding in *mandamus* to compel appellant to issue warrants in payment of respondent's services as purchasing agent for the months of April and May, 1923. There is no dispute as to any of the facts in the case and the only question presented for decision is one of law, and that is whether the respondent while occupying the office of, and drawing the salary as county clerk of said county can legally accept other employment from said county and be paid therefor from the public funds of said county.

The county of Imperial belongs to the seventeenth class and the salary of the county clerk of said county at the date of respondent's election to said office as fixed by section 4246 of the Political Code was the sum of two thousand four hundred dollars per annum. By section 4290 of the same code it is provided that: "The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title either as officers or *ex-officio* officers, their deputies and assistants, unless in this title otherwise provided, . . ." By subdivision 21 of section 4041 of the Political Code, the board of supervisors is given authority to appoint a purchasing agent. This section was in force at the time of plaintiff's election. Therefore, the duties of the purchasing agent were at no time any part of the duties to be performed by the plaintiff as county clerk of said county. The board of supervisors had no authority to require plaintiff in his official capacity to perform these duties. Whoever the board appointed purchasing agent would perform the duties of his office as purchasing agent and not in any other capacity. When, therefore, plaintiff was appointed to this position and entered upon the discharge of the duties of purchasing agent, he performed said duties not as county clerk of said county or as *ex-officio* county clerk. The salary paid him as purchasing agent was not paid him for services rendered either as county clerk or *ex-officio* county clerk of said county.

Had plaintiff resigned his office as county clerk the next day after his appointment as purchasing agent said resignation would have had no effect upon his position as purchasing agent and he would have continued to discharge the duties of said last-named position so long as the board of supervisors continued him in such employment. [1] Therefore, section 4290 of the Political Code, providing that the salaries therein provided shall be in full compensation of all services rendered by county officers either as officers or *ex-officio* officers, has no application to the compensation paid plaintiff for services which had no connection with, and which were entirely independent, of his duties as county clerk. This section does not attempt to deal with the question as to whether county officers can or cannot perform services for their respective counties outside of their official duties and be compensated for such services. It certainly contained no provision prohibiting a county officer from performing services on behalf of his county other than his official duties and to receive compensation for such services, and our attention has not been called, nor have we been able to discover, any other statute of the state which makes such prohibition. It is true that there is language to be found in the case of *County of Humboldt* v. *Stern,* 136 Cal. 63 [68 Pac. 324], which might support such a contention, but a careful reading of this case, we think, will convince anyone that such language was not necessary for its decision and that it is mere *dictum.* Accordingly, we find nothing either in the statutes or in the decisions of the courts of this state that made the plaintiff ineligible to the position of purchasing agent. Having been appointed to such position by the board of supervisors, who are specially authorized to make said appointment, we see no legal reason why he is not entitled to receive the compensation agreed to be paid him for his services in said position.

The judgment is affirmed.

Richards, J., Seawell, J., Sullivan, J., Preston, J., and Shenk, J., concurred.