FRANK A. GILLAN, RESPONDENT, v. BOROUGH OF EAST NEWARK, HUDSON COUNTY, NEW JERSEY, APPELLANT.

Submitted May 8, 1929—Decided July 5, 1929.

Before Justices PARKER, BLACK and BODINE.

For the respondent, *Tumulty & Tumulty.*

For the appellant, *Wolber & Gilhooly.*

PER CURIAM.

The pertinent facts, as stated by the District Court, are as follows: The plaintiff had been employed as auditor by the defendant for a period of twenty-one years at a yearly salary. In the months of December, 1927, and January, 1928, it became apparent to the council of the borough that there were irregularities in the account of one of the officials, and on February 7th the plaintiff was authorized and directed, by resolution of the council, to investigate and report as to the shortages. On February 8th he began the investigation and made a survey of four hundred and ninety-eight accounts connected with the water supply, gave notices to all those who were concerned in the water accounts, and discovered a shortage of $7,600 on March 14th. Later, on March 26th, he made a supplemental account, and thereafter met with certified accountants to aid them in their work and to verify his report. He spent six weeks of eight-hour days on this work. It was entirely aside from the routine work which he had been called upon to perform as auditor at his yearly salary. He presented a claim to the defendant for $500. Nothing had been said expressly as to compensation by the parties when the work was undertaken, or as it progressed.

A public officer cannot receive extra money for extra work. *Evans* v. *Trenton,* 24 *N. J. L.* 764. The District Court, however, found that Gillan was not a borough officer and had performed his extra work under the expectation of payment. A municipality might properly agree to pay an employe additional money for additional work. *Crane* v. *Shoenthal,* 76 *N. J. L.* 378. There can also be a recovery on a *quantum meruit* for work and materials furnished at the request of a municipality. *Wentink* v. *Passaic,* 66 *N. J. L.* 65.

This leads to an affirmance of the judgment below.