EDWARD H. GLAND, PROSECUTOR-APPELLANT, v. MAYOR AND COUNCIL OF THE BOROUGH OF NORTH ARLINGTON, COUNTY OF BERGEN, DEFENDANTS-APPELLEES.

Submitted May 17, 1935—Decided June 26, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor-appellant, *Harold Krieger*.

For the defendants-appellees, *Leo Bruck* and *Joseph Bigel*.

BODINE, J. The writ brings up for review a resolution authorizing the payment of a bill of H. V. Reilly & Company, accountants, for extra service and also a resolution over-riding the mayor's veto.

Reilly & Company had a contract to do auditing in North Arlington for a fixed sum of money. Certain books of entry were not written up by the officer charged with the duty of keeping the same, he claiming that he was unable to do the work in time for the audit. The finance committee ordered Reilly & Company to do this work. The bill in question was for this service.

There can be no doubt of the lack of power of the finance committee, but the municipal decision to pay for a service rendered to it, though unauthorized, seems to amount to a ratification. *Cory* v. *Freeholders of Somerset,* 44 *N. J. L.* 445. Chief Justice Beasley said there: "The rule of law is, that it is only when the corporation has the right to enter into the given contract that it can legalize it after it has been performed under an authority of its unauthorized agents."

There can be no doubt that the municipality had the right to have its books put in order for an audit. If the officer charged with the duty failed in his work, some steps, such as were taken, were within the municipal power. The officer charged with the duty was not thereby relieved of his work as in *State, Hoxsey, Pros.*, v. *Paterson*, 40 *N. J. L.* 186. It appears that only necessary assistance was furnished to the end that an audit could be made. The extra work did not cover the field of the Reilly & Company contract, since it appears in the record that the writing up of unwritten records is a service quite separate and distinct from an audit. For such service there could be recovery, if authorized. *Gillan* v. *East Newark*, 7 *N. J. Mis. R.* 616; 146 *Atl. Rep.* 649.

A member of the borough council and also a member of the finance committee, when the work in question was done, became an employe of that company shortly before introducing the resolution calling for the payment of the Reilly & Company bill. It is argued that he was so financially interested in the payment of the bill in question as to render the resolution under review void as against public policy. *Harrison* v. *Elizabeth*, 70 *N. J. L.* 591; 57 *Atl. Rep.* 132; *Cordingley* v. *Mendham*, 12 *N. J. Mis. R.* 331; 171 *Atl. Rep.* 158.

It is conceded that before the passage of these resolutions there was no valid contract. Such validity as the transaction possessed depended upon Reilly & Company's employe's acts in introducing the resolutions by which the contract was ratified, if at all, and by which they could obtain money for the services rendered long before. A mere employe of a large corporation might not be said to be directly or indirectly interested in a contract made by a corporation employing him. In the present case the councilman when employed by the accountants displayed so much zeal, although for years he had taken no steps looking towards ratification and payment, that it indicates to us that he must have had some direct or indirect interest in the matter sufficient to make the resolutions in question invalid, and to that end they are set aside.