[Civ. No. 10596.   First Appellate District, Division One.—September 1, 1938.]

R. MILLER, Appellant, v. THE CITY OF MARTINEZ (a Municipal Corporation) et al., Respondents.

Aaron Turner and John Felton Turner for Appellant.

McCutchen, Olney, Mannon & Greene, F. F. Thomas, Jr., Ray Vandervoort and Tinning & Delap for Respondents.

TUTTLE, J., *pro tem.*—By this action plaintiff as a taxpayer and resident of the City of Martinez seeks to recover the sum of $4,639.89, under the provisions of a statute which forbids a public officer from being interested in contracts made by a governing body of which he is a member. The trial court sustained demurrers to the third amended complaint in this action, and upon a failure to amend, judgment was entered for defendants.

The following facts appear in the complaint: Plaintiff is a citizen, resident and a taxpayer of the City of Martinez. Martinez is a municipal corporation of the sixth class governed by a city council consisting of five members, and at the time of the transactions in question in this action the defendants Severns, Winkelman, Connolly, Claeys and Brady constituted the city council. Shell Oil Company maintained and operated in the City of Martinez a plant and office at which it carried on the business of refining and manufacturing petroleum products and other merchandise which were intended for sale and were to be sold in Martinez; City

Councilman Severns was Shell Oil Company's manager in charge of this office; the defendants who constituted the Martinez city council knew that products which the company refined and manufactured at Martinez were intended for sale and were to be sold in Martinez. The company was also engaged in the City of Martinez in the business of selling in Martinez the petroleum products and other merchandise which it refined and manufactured at the Martinez plant for sale in Martinez. During all the times here involved defendant Severns was not only a member of the city council and a paid employee of Shell Oil Company in charge as office manager of the company's said Martinez office, but he was also the owner of a large number of shares of said Shell Oil Company's stock. These facts were known to all of the defendants. During the time that defendant Severns was in the employ of Shell Oil Company as manager of its said Martinez office, the owner of a large block of Shell Oil Company's stock and at the same time a member of the Martinez city council, the company sold to the city council at Martinez and the City of Martinez through its city council purchased from Shell Oil Company petroleum products and other merchandise which the company had refined and manufactured at its Martinez plant for sale by the company in Martinez. The company presented to the city council claims for the products which it had sold to the city and which the city had purchased through the city council. The city council and every member thereof, including defendant Severns, voted in favor of the approval of these claims and ordered warrants drawn on the city treasury for their payment. Warrants were accordingly drawn on the city treasury in favor of Shell Oil Company, were delivered to it and were paid out of funds in the city treasury. Plaintiff as a taxpayer demanded of the city council that it authorize and institute in the name of the city an action against the Shell Oil Company and against the individuals who constituted the city council to recover from them and to require them to pay into the city treasury for the benefit of the taxpayers of the city all money paid out of the city treasury on claims presented by Shell Oil Company for sales made by the company to the city while the defendant Severns was at the same time a member of the city council and in the employ of Shell Oil Company as manager of its said Martinez office. The city

council by resolution rejected the demand and refused to authorize or institute such action. This action by plaintiff as a citizen, resident and taxpayer of Martinez followed.

The grounds of demurrer were both general and special. Taking up the general demurrers, it is contended by respondents that the complaint fails to show that defendant and City Councilman Severns was "interested" in the sale to the city by the Shell Oil Company, within the purview of section 886 of the Municipal Corporation Act (Deering's Gen. Laws, Act 5233, sec. 886), which reads as follows: "No officer of such city . . . shall be interested, directly or indirectly, in any contract with such city . . . or in doing any work or furnishing any supplies for the use of such city . . . ; and any claim for compensation for work done, or supplies or materials furnished, in which any such officer is interested, shall be void . . . ''

It is alleged in the complaint that defendant Shell Oil Company operated and maintained a plant and office for carrying on its business in the City of Martinez, that defendant Severns was the office manager in charge of its said office, that the latter was a stockholder in said company, and that the company at Martinez made the sale in question to the City of Martinez. The basic reason for the enactment of laws of this character is succinctly stated in the case of *Stockton Plumbing & Supply Co.* v. *Wheeler,* 68 Cal. App. 592, as follows (pp. 601, 602) [229 Pac. 1020]: ''The principle upon which public officers are denied the right to make contracts in their official capacity with themselves or to be or become interested in contracts thus made is evolved from the self-evident truth, as trite and impregnable as the law of gravitation, that no person can, at one and the same time, faithfully serve two masters representing diverse or inconsistent interests with respect to the service to be performed. . . . The personal interest of an officer in a contract made by him in his official capacity may be indirect only, still such interest would be sufficient to taint the contract with illegality. If his interest in the contract is such as would tend in any degree to influence him in making the contract, then the instrument is void because contrary to public policy, the policy of the law being that a public officer in the discharge of his duties as such should be absolutely free from any influ-

ence other than that which may directly grow out of the obligations that he owes to the public at large."

In the case last cited, one Charlesworth was an employee of the corporation with whom the city of Stockton was about to enter into a contract. He was also a member of the city council when the contract was awarded. The sole question was whether or not he was "interested" in such a contract. Holding that he was "interested", and that the contract was therefore void, the court said: "In this case Charlesworth was the sheet metal foreman of the petitioner's establishment and the contract proposed to be awarded to the petitioner was connected directly with that department of the petitioner's business. Under these circumstances, it would be exceedingly strange if Charlesworth were not to a considerable extent desirous of the awarding of the contract to his employer. Indeed, we think it cannot well be denied that, abstractly speaking, the interest which Charlesworth had in the petitioner's business would be sufficient to invalidate any contract made by a public officer in which he had a similar interest. In a sense, Charlesworth, to the extent of his authority as foreman of the sheet metal department of the petitioner, is the latter's agent. While it may truly be said that he would not derive direct pecuniary gain from the contract, he certainly would indirectly be so benefited, since upon the success of petitioner's business financially primarily depends the continued tenure of his position and the compensation which he receives for performing the service required of him as the foreman of the department referred to. Cases are numerous in which it has been held that one who is an employee of another, or a corporation or firm, and at the same time a member of the city council of a municipality is ineligible as such official to make or assist in making a contract with the person or corporation in whose employment he is, and that a contract so made is void upon the principle that such act would contravene public policy. (See *Nunemacher* v. *Louisville*, 98 Ky. 334 [32 S. W. 1091]; *Byrne & Speed Coal Co.* v. *Louisville*, 189 Ky. 346 [224 S. W. 883]; *Bradley etc. Co.* v. *Jacques*, (Ky.) 110 S. W. 836; *Gillen Co.* v. *Milwaukee*, 174 Wis. 362 [183 N. W. 679]; *Harrison* v. *Elizabeth*, 70 N. J. L. 591 [57 Atl. 132].) It should be added that the statutory provisions emphasizing the general or common-law rule as to such contracts remove all grounds for equitable considerations in

such cases. (*City of Northport* v. *Northport Townsite Co.,* 27 Wash. 543 [68 Pac. 204, 205].)"

The case of *Mumma* v. *Town of Brewster,* 174 Wash. 112 [24 Pac. (2d) 438], is relied upon by respondents. It is there held that the disqualifying interest of the public official must be a financial one. While this may be the rule in the state of Washington, we are satisfied that in our own jurisdiction it is otherwise. In the case of *Hobbs, Wall & Co.* v. *Moran,* 109 Cal. App. 316 [293 Pac. 145], the manager of the company was also a councilman of Crescent City. Holding void a transaction between the company and the city the court said: "It is argued that since the councilman, Dressler, was merely employed and worked for a salary as manager of the mercantile corporation, that he was not a stockholder and that he had no pecuniary interest therein, he was, therefore, not interested in the business to such an extent or in such a manner as to invalidate the transaction, since the supplies were purchased for the city in perfect good faith. The statute declares that a transaction consisting of the 'furnishing of any supplies' for a city or town in which an officer is 'directly or indirectly' interested, shall be void. As manager of the mercantile business, which employment demanded strict loyalty to his employer, it may be inferred Dressler, as a councilman, was not free to negotiate a bargain in behalf of the city as favorable to the municipality as though these conflicting interests did not exist. Dressler's membership on the council may reasonably be expected to influence his associates in purchasing supplies for the city. The desire to favor a fellow-councilman, unwarranted confidence, or carelessness in bargaining for supplies might result in a substantial loss to the city. It is not necessary to show actual fraud, dishonesty or loss to invalidate the transaction. The purpose of the statute is to remove all indirect influence of an interested officer as well as to discourage deliberate dishonesty. Nothing in the relationship of a public officer should prevent him from exercising absolute loyalty and undivided allegiance to the best interest of the municipality he serves. Although Mr. Dressler had no greater interest in the transaction than is shown by the mere agency as business manager of the store from which the supplies were purchased, even though they were obtained in perfect good faith at favorable prices, still

the transaction was void and the claims were illegally allowed.''

It would thus appear that the ''interest'' need not involve any direct financial gain upon the part of the public official. It may be any interest which would prevent him from exercising absolute loyalty and undivided allegiance to the best interest of the municipality he serves. He should be absolutely free from any influence other than that which may grow out of the obligations he owes the public.

█ Here, accepting the allegations of the complaint, the city councilman is office manager of the Shell Oil Company in Martinez. The city purchases petroleum products from his company. Is he a free agent in respect to this transaction? If he voted against the purchase would he not believe that such a course would be prejudicial to his standing with the corporation? Obviously, applying the ordinary rules of human conduct and behavior, he would consider that it would be to his interest to approve the transaction, and this is not impugning the good faith and honesty of Severns. As was stated in the Hobbs, Wall & Co. case, *supra,* ''The purpose of the statute is to remove all *indirect influence* of an interested officer as well as to discourage deliberate dishonesty''. (Italics ours.)

Concluding this phase of the case, we are satisfied that the complaint shows that defendant Severns was interested in the transaction within the language of the statute.

█ It is contended that the purchase price of the goods cannot be recovered without an offer to return them. The contention is devoid of merit. It is directly answered in the following language taken from the case of *County of Shasta* v. *Moody,* 90 Cal. App. 519, 523, 524 [265 Pac. 1032] : ''Appellant strenuously contends that the county is estopped from maintaining this action without first restoring, or offering to restore, to him the benefits received from the job work, printing, advertising, etc. There is no merit in this contention. The contracts being void under the express provisions of the statute, and also being against public policy, there is no ground for any equitable considerations, presumptions or estoppels. (*Berka* v. *Woodward,* 125 Cal. 119, 128 [57 Pac. 777, 73 Am. St. Rep. 31, 45 L. R. A. 420] ; *Stockton Plumbing & Supply Co.* v. *Wheeler,* 68 Cal. App. 592 [229 Pac. 1020] ; *Nielson* v. *Richards,* 75 Cal. App. 680 [243 Pac. 697] ;

21 Cal. Jur. 888.) The appellant relies upon such cases as *Riverside County* v. *Yawman & Erbe Mfg. Co.*, 3 Cal. App. 691 [86 Pac. 900], and *County of Sacramento* v. *Southern Pac. Co.*, 127 Cal. 217 [59 Pac. 568, 825], as supporting his contention that the respondent is estopped to maintain this action. The facts in those cases are decidedly different from the facts in the case at bar and are not in point. The contracts in the case at bar, as we have seen, *are against the express prohibition of the law and courts will not entertain any rights growing out of such a contract, or permit a recovery upon a quantum meruit or quantum valebat. (Berka* v. *Woodward, supra.*) ''

It is contended by respondent that the decision in the above case is based upon a statute (Pol. Code, sec. 4005b) which expressly authorizes a recovery of the money paid under such circumstances. The section last cited *empowers* the district attorney to bring such an action. It will be observed, however, that the holding is not predicated upon an express authority given, but is based upon the general principle that the statute is against public policy, and therefore there is no ground for equitable considerations and estoppels. It would appear that the portion of the Political Code last cited which relates to the duty of the district attorney is a mere *direction* to a public official and is not a portion of the substantive law. The case of *City of Los Angeles* v. *Watterson*, 8 Cal. App. (2d) 331 [48 Pac. (2d) 87], does not bear out the position taken by respondent. Furthermore, in that case only equitable considerations were discussed, and contravention of public policy was not mentioned or considered.

█ The contention that ''the statute permits only withholding, not recovery, of payment'' is answered by what we have had to say upon the question of recovery of the price paid. There is nothing in the wording of the statute under consideration which would prohibit a recovery of payment.

█ The selling company was presumed to know the law when it dealt with a city council upon which its office manager sat. It will not now be heard to urge equitable considerations arising out of such a breach of public policy. Our courts have been very scrupulous in the enforcement of the spirit of statutes such as the one we have before us. The withholding remedy mentioned in the law is merely a cumu-

lative remedy, and in no manner restricts the recovery which is based upon express language making such transactions void, and the broad principle of public policy which recognizes no equities or estoppels upon the part of a participant.

Several other points are urged in support of the judgment. Some of them have been discussed above. Others have no substantial merit.

We are of the opinion that the complaint states a cause of action. It is therefore ordered that the judgment be reversed and the trial court directed to overrule the demurrer.

Cashin, J., and Knight, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 31, 1938.