[Civ. No. 15632. Second Dist., Div. Two. Dec. 13, 1946.]

HOWARD P. RAYMOND, Appellant, v. ALBERT H. BARTLETT et al., Respondents.

Perry G. Briney for Appellant.

O'Melveny & Myers and Pierce Works for Respondents.

MOORE, P. J.—The plaintiff, as a taxpayer of Torrance, sued to enjoin respondent Leech, city treasurer, from paying respondent Bartlett, city clerk, and Bartlett from accepting a monthly salary of $50 for his services as purchasing agent of the city. From an adverse judgment plaintiff appeals.

For 24 years Bartlett has been the duly elected, qualified and acting city clerk of Torrance and now receives a regular monthly salary of $250 as such clerk. After acting six years as purchasing agent he was by the city council re-employed to fill that position in July, 1944, on a part-time basis and has received compensation for his services in such position in addition to his official salary. Contrary to the allegations of appellant the office of purchasing agent has never been classified by the city's civil service board as a civil service position. The duties performed by Bartlett as purchasing agent are wholly without the scope and range of the duties of the office of city clerk. Neither are the services and functions of the position of employment incompatible with those of his public office. Except when both the office and the position are held by the same person there is no relation between the two. As such purchasing agent Bartlett has never been interested in any contract with the city or with any of its officials in doing work or in buying supplies for the city or its officers. Neither was he ever interested in any contract made by himself or by any body or board of which he was a member within the meaning of the Government Code (§ 1090) or otherwise. Having found the foregoing facts the court below de-

creed that Bartlett is entitled to occupy both the office of city clerk and the position of purchasing agent and to draw the salaries provided by law to be paid to the occupant of each.

Despite such findings appellant now presents ''only one contention, to wit: that section 886 of Act 5233 of Deering's General Laws prohibits Mr. Bartlett from receiving any sums beyond his regular salary as city clerk.'' Such act has not the slightest bearing upon appellant's thesis. Section 886 forbids any officer of a city of the sixth class to be interested in any contract with such city or with any of its officers, ''or in doing any work or furnishing any supplies for the use of such city.'' Not only was it found that the duties of the position are not incompatible with those of city clerk but the claim of inconsistency of the functions of the two offices was not alleged. Confronted now with such finding appellant contends that ''since it is merely a job of work . . . for the use of the City of Torrance it is unlawful for Mr. Bartlett to receive extra pay for such work'' or to be interested in such work. Such contention is completely answered by *Mousseau* v. *Garey*, 200 Cal. 201 [252 P. 324], where it was held that the duties of the county clerk of Imperial County and of the county's purchasing agent were separate and distinct, and that the clerk might do the work and receive the salary of the purchasing agent.

Appellant's attempt to apply section 886 by the argument that Bartlett is interested as the recipient of a salary for ''doing any work . . . for the use of such city'' goes wide of its mark. The section was enacted to prevent any city official from profiting by any contract made with the city for the doing of work for or furnishing supplies to such city. That such is a correct interpretation of the statute is borne out by its provision that a wilful violation thereof shall be ground for removal from office and be punished as a misdemeanor. Certainly the Legislature would not provide for such ignominious censure of a faithful public servant because the governing body of a city has seen fit for economy's sake to give him a job to do while he is performing the duties of an elective office. Section 886 is both a recognition and an adaptation of the Biblical doctrine that ''no man can serve two masters.'' (See *Miller* v. *City of Martinez*, 28 Cal.App.2d 364 [82 P.2d 519] ; *Stockton Plumbing & Supply Co.* v. *Wheeler*, 68 Cal.App. 592, 601 [229 P. 1020] ; *Nielsen* v. *Richards*, 75 Cal.App. 680 [243 P. 697].) A person is disqualified to discharge the services

of a position in a municipal government when he has a personal interest which might interfere with the unbiased discharge of his duty to the public or prevent his exercise of absolute loyalty and undivided allegiance to the best interests of the city. (*Miller* v. *City of Martinez, supra,* p. 370; *Nielsen* v. *Richards, supra,* p. 691.)

■ A city's employee or elected official is disqualified to hold his position or office only when by his acts he would be actually advancing his personal interests or those of another dealing as an independent contractor with the municipality. His acts cannot conceivably prejudice the public entity while he is working solely for it. Illustrations of violations of section 886 and of section 1090, Government Code, are: a councilman's voting to authorize a contract with his corporate employer or selling to the city supplies from the company of which he is manager (*Stockton Plumbing & Supply Co.* v. *Wheeler, supra,* 596; *Hobbs, Wall & Co.* v. *Moran,* 109 Cal. App. 316 [293 P. 145]); a councilman's selling lumber to the city (*Berka* v. *Woodward,* 125 Cal. 119 [57 P. 777, 73 Am.St. Rep. 31, 45 L.R.A. 420]); a street superintendent's renting his surveying outfit to the city (*Osburn* v. *Stone,* 170 Cal. 480 [150 P. 367]); a supervisor's taking a chattel mortgage on a printing plant which did the county work (*Moody* v. *Shuffleton,* 203 Cal. 100 [262 P. 1095]); a supervisor's acquiring a printing contract with the county (*County of Shasta* v. *Moody,* 90 Cal.App. 519 [265 P. 1032].)

■ If a contract to be made with the state or any arm thereof would if consummated vest an interest in any official who has negotiated it or must authorize or approve it, and such interest is adverse to the public body, then it is forbidden and the official becomes subject to the provisions of section 886, *supra,* and of section 1090 of the Government Code. But if a city official is merely employed to perform other services for the city not incidental to his own office such statutes do not apply. Further justification of the foregoing conclusion is to be found in the fact that in 37 cities of the sixth class the city clerk is employed to perform the duties of purchasing agent and no claim has ever been asserted that there was a violation of the law.

In view of the advantage enjoyed by the public in assigning to a city clerk the performance of other tasks for a reasonable compensation, the legislative intention to prohibit such assign-

ments by the city's governing body should be clearly indicated by restrictive statutes.

Affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1947. Edmonds, J., voted for a hearing.