[Civ. No. 15018.   First Dist., Div. Two.   Apr. 2, 1952.]

MARTIN BROS. INC. (a Corporation), Respondent, v. CITY OF CONCORD et al., Appellants.

Thomas F. McBride for Appellants.

Walter J. Walsh and John L. Garaventa for Respondent.

JONES, J. pro tem.—Respondent Martin Bros., Inc., a corporation, petitioned the court below for a writ of mandate to compel the city of Concord to make payment on a contract held by it for the construction of sanitary sewers in said city. Judgment was entered directing the issuance of the writ and it is from this judgment that the city has appealed.

It is contended by the appellant that the contract upon which the respondent bases its claim is void because an interest in the corporation doing the work for the city was acquired by one of the councilmen after the contract was let.

The record discloses that the plans and specifications for the sewer were prepared by the city engineer of Concord in August, 1949. At the April election of 1950, E. M. Bradley was elected to the city council, and on May 8, 1950, Martin Bros., Inc. was awarded the contract for constructing the sewer system and Bradley voted for the award.

On May 17, 1950, Bradley began negotiating with F. E. Martin, president of the petitioner, for the purchase of stock in the corporation and also for employment by the corporation as its general manager. On the 8th of June, 1950, Martin gave Bradley a written option to buy 500 shares of stock at a price of $30 per share. The right to exercise the option was limited, however, to the period between the first day of August, 1950, and the first day of September, 1950.

On the same date, June 8, 1950, the corporation entered into a written contract of employment with Bradley whereby he was hired to act as general manager of the corporation for a period of one year at a salary of $500 per month, and in addition he was to be given the use of an automobile. It was provided in the contract of employment that Bradley "shall not participate in any profits or losses which said Martin Bros., Inc., may earn or sustain by reason of any contracts now in existence between said Martin Bros., Inc. and the City of Concord, a Municipal Corporation of the Sixth Class." The employment contract carried the further provision "that the said corporation shall not enter into any contracts for work and services or sell any material or personal property to the said City of Concord during the term the said manager is in the employ of said corporation or owns stock in said corporation."

Bradley performed no services under the contract of employment and received no salary although there is evidence that he made some use of an automobile owned by the corporation. Neither did he exercise the option to purchase the 500

shares of stock. He became ill, and on July 29, 1950, a contract cancelling the contract of employment was executed ''for the mutual benefit and interest'' of the parties as the recited consideration, and, on the same date, the option agreement for the purchase of the stock was terminated upon the same consideration.

The trial court found that Bradley never acquired an interest in the corporation sufficient to void the contract, and with this holding we agree.

The record discloses that the option contract was terminated before it became exercisable, and that the contract of employment was never consummated. At the time the cancellation contracts were executed the corporation had not changed its status toward Bradley nor had he changed his status toward the corporation. They were in exactly the same positions they occupied before the option was given and the contract of employment entered into. Neither had gained any advantage nor had either sustained any detriment by virtue of either contract at the time they were cancelled. Because of his failure to exercise the option and to engage in the employment, Bradley never stood to profit out of the contract through the medium of dividends or by virtue of wages.

The cases cited by appellant are all cases in which the public officer under attack was actually vested with an interest in the contract. In *Berka* v. *Woodward,* 125 Cal. 119 [55 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420], a member of the council had sold lumber and materials to the city, for which it was held he could not recover. The case of *Miller* v. *City of Martinez,* 28 Cal.App.2d 364 [82 P.2d 519], strongly relied on by appellant, involved the sale of petroleum products to the city by the Shell Oil Company. One of the councilmen was manager of the Shell plant and the owner of a large block of stock in the company. It was there held that in view of the existing interest which the councilman held in the corporation the contract with the city of Martinez was void. In *People* v. *Deysher,* 2 Cal.2d 141, 146 [40 P.2d 259], it was held that where an interest in the contract was arranged or contracted for by the public officer prior to the award, and subsequently acquired, the contract was void. There is no evidence of any such prior arrangement or contract in this case.

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied May 2, 1952.