[Civ. No. 49390. Second Dist., Div. Four. Mar. 4, 1977.]

HOWARD JARVIS, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Kaplanis & Grimm and Trevor A. Grimm for Plaintiff and Appellant.

Burt Pines, City Attorney, Thomas C. Bonaventura, Assistant City Attorney, Sheppard, Mullin, Richter & Hampton and William A. Masterson for Defendants and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a summary judgment entered against him in a taxpayer's action to recover monies allegedly due to the City of Los Angeles from defendant Edelman. We affirm.

Defendant Edelman is a member of the city council of defendant city. Pursuant to a resolution of the council, he served, during the years 1966-1975, as a member of the boards of directors of nine Los Angeles County sanitation districts. For attendance at the meetings of those boards, he received compensation, in addition to his salary as councilman, in an amount over $30,000. ■ Plaintiff contends that he was obligated to turn that money over to the city and that he has not done so.

## I

Plaintiff contends that summary judgment was improperly granted because the declarations filed in the trial court showed the existence of a triable issue of fact. We reject that contention. Plaintiff relies on portions of a deposition by John S. Gibson, Jr., the president of the city council, which he interprets as expressing the opinion of Councilman Gibson that Councilman Edelman's service on the sanitation boards was a "duty" of his office as councilman, within the meaning of the sections of the Los Angeles City Charter hereinafter discussed. The interpretation of those sections, and of sections of the Health and Safety Code hereinafter considered, is a matter of law, to be determined by judicial process and not as a matter for determination by Councilman Gibson.

## II

Plaintiff relies on three sections of the Los Angeles City Charter, which sections provide as follows:

Section 15. "In addition to the powers and duties prescribed by this Charter, the officers and employees of the City shall have such other powers and perform such other duties as may be prescribed by the laws of the State of California, or by ordinance, order, or resolution adopted by the Council, and not in conflict with the provisions of this charter."

Section 67. "No officer of the City shall be compensated by fees or commissions, but only by a fixed salary."

Section 68. "No officer of the City shall retain any fee recompense or compensation received by him for the discharge of any duty of his office from any person other than the city, but shall immediately pay over to the Treasurer of the city all such sums of money so received."

(1) Similar charter, statutory and constitutional provisions have been held not to prevent the payment to, and retention by, councilmen and other municipal officers and employees of fees and compensation received by them for the performance of duties attached to another and nonconflicting public office. In *Woollomes* v. *Woody* (1947) 79 Cal.App.2d 696 [180 P.2d 439], members of the Board of Supervisors of Kern County were held to be entitled to extra compensation for service (as here) on county sanitation districts; in *Sacramento* v. *Simmons* (1924)

66 Cal.App. 18 [225 P. 36], a city commissioner, similarly was held entitled to extra compensation, from the county, for services as registrar of vital statistics; in *Mousseau* v. *Garey* (1926) 200 Cal. 201 [252 P. 324] a county clerk was held to be entitled to extra compensation for serving as a county purchasing agent; and in *Love* v. *Baehr* (1874) 47 Cal. 364, the Attorney General was held to be entitled to extra compensation for serving as a member of the State Board of Examiners.

(2) Even if those cases were not determinative of the case at bench, other established rules operate to defeat plaintiff's position. County sanitation districts are created by state law (Health & Saf. Code, § 4700 et seq.). Their creation and operations are matters of state and not of municipal concern. (*City of Santa Clara* v. *Von Raesfeld* (1970) 3 Cal.3d 239 [90 Cal.Rptr. 8, 474 P.2d 976].) Being matters of state concern, the provisions of the state law control over any provisions of a municipal charter. The County Sanitation District Act (Health & Saf. Code, § 4700), provides as follows for the membership of the districts' governing boards and their compensation.

Section 4730.1, provides, in pertinent part:

"The governing body of a sanitation district is a board of directors composed of an odd number of not less than three (3) members.

"If the district includes no territory which is within a city, other sanitation district or public agency, the county board of supervisors is the board of directors.

"If the district includes territory which is within a city or other sanitation district or public agency, the board of directors shall be composed of the presiding officer of the governing body of each such city, other sanitation district and public agency and the chairman of the county board of supervisors. If the chairman of the county board of supervisors and the presiding officer of the governing body of each such city, sanitation district and public agency constitute an even number, a member of the county board of supervisors appointed by said board of supervisors shall be a member of the board of supervisors of the district.

"The governing body of each county, city, sanitation district and public agency having a representative on said board of directors may

designate one of its members to act in the place of its regular member in his absence, inability or refusal to act."

Section 4733 provides:[1]

"The district board shall have power to fix the amount of compensation per meeting to be paid each member of the board for his services for each meeting attended by him; provided, that said compensation shall not exceed fifty dollars ($50) for each meeting of the district board attended by him, not to exceed one hundred dollars ($100) in any one month, together with expenses necessarily incurred by him in traveling between his place of residence and the place of meeting. *The compensation herein mentioned shall be in addition to any other fees or compensation allowed by law for the other official positions mentioned in Section 4730 that are occupied by members of said district board.*

"Each member of the district board shall, in addition, be allowed eleven cents ($0.11) per mile, without any constructive mileage, for his expenses of traveling necessarily done by automobile, and his actual traveling expenses when he travels by public conveyance." (Italics added.)

Since the Legislature, acting in a matter of state concern, has expressly provided for the compensation of public officers serving by designation on the governing boards, the provisions of the Los Angeles City Charter, even if construed as plaintiff would have us construe them, must yield to the legislative expression.

The judgment appealed from is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.

---

[1]We note that section 4733 was amended, effective January 1, 1976. That amendment does not affect Councilman Edelman's rights under the law in effect during the years herein involved.